R. B. S. FOSTER v. THOMAS M. SPEAR.

If, in answer to an interrogatory propounded by the defendant, to the plaintiff, (Hart. Dig. Art. 737,) the latter admit a fact, closely connected with another, concerning which he is not directly interrogated, but which tends to a defence against the fact admitted, he may state the latter in connection with the former, and as a part of his answer to the interrogatory.

See this case, as to what facts stated by a party, in connection with those concerning which he was interrogated by the adverse party, are admissible in evidence, and not irrelevant and irresponsive to the interrogatory, viewed in reference to the issue.

ERROR from Washington.   Tried below before the Hon. R. E. B. Baylor.

Suit brought by the defendant in error, against the plaintiff in error, upon three promissory notes, payable to the plaintiff, as administrator of the estate of James Turner, deceased.

The defendant set up as a defence, that the notes sued upon were given, in consideration that the said Spear would release him from the payment of a certain judgment, obtained against him by one James Turner, now deceased, in Macon county, Alabama, for the sum of ———— dollars; and that, at the time he executed the notes sued upon, the said Spear agreed, that, if he would execute the said notes, he (Spear) would acquit and release the defendant from liability on the said judgment, and satisfy the same, by entering an acquittal thereof on the records

of the court where it was rendered; that Spear had failed and refused to acquit or release him from liability on the said judgment, and that the same was still a subsisting demand against him: wherefore, he said, the consideration for which said notes were given, had wholly failed.

The defendant propounded to the plaintiff the following interrogatory: "For what consideration were the notes sued "upon, given? Were not said notes given in consideration, "that you would acquit and release this defendant, from the "payment of a judgment against him, in favor of one James "Turner, now deceased, in the District Court of Macon county, "Alabama, for about twenty-six hundred dollars?"

To this, the plaintiff answered as follows: "Said notes were "given in consideration of a judgment, which James Turner ob-"tained against the said Robert B. S. Foster, in the Circuit "Court of Alabama, Macon county; the said judgment being, "at the time, for about twenty-six hundred and twenty-four "dollars and fifteen cents, principal, interest and costs. Wit-"ness further answers, that it was then and there contracted "and agreed, that said notes were given in full satisfaction of "said judgment; and that this plaintiff, at the time said notes "were given, did sign and deliver a written release to said Fos-"ter, in strict accordance with his agreement; and that he pre-"sumes that he, the said Foster, still has, or ought to have, "the same in his possession: and plaintiff further says, that he "promised no more than what he has done, and that said judg-"ment is barred, at this time, by the statute of limitations, and "therefore dormant and inoperative, and cannot, and will not, "be enforced against the said Foster. And plaintiff, in order "to strengthen what he has already done, does by these pre-"sents, execute and fully release and discharge said Foster, "from all liability on said judgment and *fi. fa.*"

Before the trial, the defendant filed an exception to the above answer to the interrogatory, "because a portion of said answer is irrelevant, and sets up new matter, by way of replication." He also filed a motion to strike out all of said answer, after

the words "satisfaction of said judgment," for the reasons, 1st. "That said portion of said answer is not responsive to said "interrogatory. 2d. That it is irrelevant to the interrogatory, "sets up an independent subject matter, and refers to that about "which he was not interrogated." This exception and motion were overruled, and the court permitted the entire answer to be read; to which rulings the defendant excepted.

Judgment for the plaintiff, for amount of the notes sued on.

*Rogers*, for plaintiff in error.

ROBERTS, J. Defendant below propounded interrogatories to plaintiff below, requiring him to answer whether, or not, the consideration of the notes sued on, was an agreement to release a judgment in favor of James Turner, of whose estate plaintiff below, Spear, was the administrator. He answered not only that such was the consideration of the notes, but, also, that the release had been executed, and that the said judgment was barred by the statute of limitations. To the latter part of this answer, the plaintiff in error, Foster, objected, as not being responsive to his question, which objection was overruled.

This part of the answer was admissible, because it contained facts tending to Spear's defence, against the fact admitted by him, and was closely connected with the fact on which he was interrogated. (Hart. Dig. Art. 737.) This question was fully discussed and decided in the case of Graham v. Stephen, 15 Tex. Rep. 88.

Judgment affirmed, with ten per cent. damages.

Judgment affirmed.