## JOHN BURLESON v. GEORGE HANCOCK.

The rule in taking an exception to an answer of a party under the 82d section of the act to regulate proceedings in the district court is, like the general rule as to exceptions, that it must be so specific as to point to the precise error intended to be relied on; for the courts, in deciding on questions arising at a trial, are not bound to do more than to respond to a motion in the terms in which it is made. (Paschal's Dig., Art. 3750, Note 854; Art. 217, Note 280; Art. 1581, Note 613.)

6—XXVIII

The part of the answer of a party to a suit, to which the party propounding
  interrogatories excepts, must designate with sufficient certainty the part
  excepted to. (Paschal's Dig., Art. 3750, Note 854.)

The disallowance of an amendment to pleadings, after the evidence was sub-
  mitted to the jury, is not error. Amendments can only be made before the
  parties announce themselves ready for trial. (Paschal's Dig., Art. 54, Note
  243.)

Where exception is taken to the exclusion of evidence, the excluded evidence
  must be set forth in the record, in order that this court may be enabled to
  judge of its relevancy and materiality, otherwise this court cannot determine
  whether its exclusion was error of which the appellant could complain.
  (Paschal's Dig., Art. 217, Note 280; Art. 1581, Note 613.)

APPEAL from Lampasas. The case was tried before
Hon. EDWARD H. VONTRESS, one of the district judges.

The facts necessary to the points decided are fully stated
in the opinion of the court.

No brief for the appellant.

*Hancock & West,* for the appellee.

SMITH, J.—The appellee, Hancock, instituted suit against
the appellant, Burleson, on May 3, 1858, as indorser upon
a note executed by Lemuel Deberry, on 9th February, 1856,
for $1,240, and payable two years after date, with ten per
cent. interest, to said Burleson or order, and averred that
the maker resided beyond the limits of this State, and for
that reason is not made a party to this suit, (O. & W. Dig.,
Art. 91; Paschal's Dig., Art. 1426, Note 535;) and states,
in an amended petition, that since the institution of this
suit Burleson admitted that he was indebted to him.

Burleson plead in his defense, that the note was assigned
to Hancock in settlement of prior indebtedness to him,
with a promise on his part to pay the overplus when col-
lected from the maker to him, Burleson; and also, that it
was understood that the indorsement was not to bind him
as an obligor or indorser upon the note sued upon.

There was a trial of the cause on the 23d November, 1859, verdict and judgment rendered in favor of Hancock for $1,710 17, with interest at ten per cent., with costs. Burleson moved the court for a new trial, which was refused. He appealed to this court, and makes the following assignment of errors:

1st. That the court erred in refusing to strike out part of the answer of Hancock to interrogatory 2, propounded to him by Burleson.

2d. That the court erred in refusing permission to Burleson to amend his pleadings.

3d. That the court erred in ruling out part of the testimony of the witness Cooksly.

In considering the first assignment of errors, it will be observed that the party to a suit to whom interrogatories may be propounded by the opposite party, under Art. 447, O. & W. Dig., shall simply confess or deny the fact concerning which he has been interrogated, but has the right to state such other facts, tending to his defense, as are closely connected with the fact on which he has been interrogated. But, "if the answer contain other testimony than that permitted, the court, upon exception being made thereto in writing, will cause the same to be stricken out." (O. & W. Dig., Art. 477; Paschal's Dig., Art. 3750, Note 854.)

"The rule in taking exceptions is, that it must be so specific as to point to the precise error intended to be relied upon; for the courts, in their decisions upon questions arising at the trial, are not bound to do more than respond to the motion in the terms in which it is made; they are not bound to modify the propositions of counsel, so as to make them fit the case." (Houston v. Perry *et al.*, 5 Tex., 462; 8 Wend., 109; 6 Mo., 187.)

The written exception made to the answer of Hancock, to the second interrogatory propounded to him, does not designate with sufficient certainty the part objected to,

and we are of opinion that the judge, under the rule above stated, did not correctly overrule the exception.

It might be urged, with much plausibility, that the whole of the answer of Hancock to the second interrogatory propounded to him is responsive directly or closely connected with the fact on which he was interrogated, but we do not now decide the question. (Grayham v. Shepherd, 15 Tex., 88; Foster v. Spears, 22 Tex., 226; Herbert v. Butterworth, 23 Tex., 226.)

After the parties had announced themselves ready for trial and gone through with the evidence, Burleson asked leave to amend his pleadings, which was refused; and this is assigned as the second error. The pleadings can be amended under the discretion of the court, and upon such terms as it may prescribe at any time before the parties announce themselves ready for trial, and not thereafter. (O. & W. Dig., Art. 434; Paschal's Dig., Art. 54, Note 243.)

The third assignment, like the second, we are of opinion, should not be sustained. The testimony of the witness Cooksly, which Burleson sought to bring out on the trial as part of the same conversation detailed at the instance of Hancock, is not set forth in the transcript, and we are unable to determine whether it would have been material or at all relevant to his defense. He should have presented, by bill of exceptions, what the testimony was, so that the court here could determine whether he has been injured by its rejection.

There appearing to be no error in the cause, the judgment of the court below is

AFFIRMED.