GEORGE JOHNSON *v.* THE STATE.

1. NEWLY-DISCOVERED EVIDENCE, if merely cumulative, is not cause for a new trial.

2. NEW TRIAL.—When an application for a new trial is based on evidence discovered since the trial, it should show why the evidence could not, with proper diligence, have been discovered in time for the trial, and that it will probably change the result in case a new trial is granted.

APPEAL from the District Court of Denton. Tried below before the Hon. J. A. CARROLL.

No brief for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

ECTOR, P. J. The court, we think, properly overruled the defendant's application for a new trial on the ground of newly-discovered evidence. The newly-discovered evidence was merely cumulative. The motion does not present to

the court any reason why it might not have been discovered sooner, by the use of proper diligence on the part of the defendant. One of the nine statutory grounds for a new trial is : " Where new testimony, material to the defendant, has been discovered since the trial. A motion for new trial based on this ground shall be governed by the same rules as those which regulate civil suits." Code Cr. Proc., Art. 672.

Newly-discovered evidence, in order to entitle a party to a new trial, must not be merely cumulative. It must be shown why it was not discovered before the trial, and that it would probably change the result on another trial. *Latham* v. *Selkirk*, 11 Texas, 321 ; *Sand* v. *Miller*, 7 Texas, 465 ; *Spillars* v. *Curray*, 10 Texas, 143 ; *Foster* v. *Speer*, 22 Texas, 226 ; *Campbell* v. *The State*, 29 Texas, 490 ; *Koontz* v. *The State*, 41 Texas, 572.

The only other question presented by the record is whether or not the court below correctly charged the law applicable to the case.

Price, the person upon whom the assault is alleged in the indictment to have been made, was at Harrison's mill, in Denton county. One Buck Payne and the defendant were friends, and went to the mill at the time Price was there. A difficulty occurred between Payne and Price. It is evident, from the testimony as shown in the record, that Payne provoked the difficulty, that he was the aggressor, and that he fired the first shot at Price. His purpose in shooting at Price cannot be doubtful. Price returned the fire, when the defendant shot at Price as he was advancing upon Payne.

In the light of the evidence we find no error in the charge of the court to the jury calculated to injure the rights of the defendant. The defendant had the benefit of a charge upon aggravated and simple assault. We see no error in the record of which the accused can justly complain.

*Affirmed.*