## S. E. MOSS v. WM. CAMERON & CO.

(Case No. 5581.)

1. PRACTICE—BILL OF EXCEPTIONS—The supreme court will not revise the lower court's action in excluding testimony when the bill of exceptions does not show what the evidence would have been.

2. SAME—It is the duty of a party complaining that a right has been denied him on the trial, to take such a bill of exceptions as will show what he proposed to do and what the judge refused to permit him to do. (Dunham v. Forbes, 25 Tex., 25.)

3. CONTRACT—See opinion and facts for evidence sufficient to prove a contract between plaintiff and defendant.

APPEAL from Bosque. Tried below before the Hon. T. C. Alexander, Special Judge.

This was a suit by the appellees, Cameron & Co., against the appellant, S. E. Moss, for the recovery of $778.74, due on open account for lumber sold and delivered by Cameron & Co. to Moss, at certain intervals between September 8, 1883, and December 14, 1883. Moss answered by general demurrer and general denial, and also pleaded specially that he never bought or received the lumber; that it was never delivered to him, nor to any person authorized by him, but that it was in truth and in fact sold and delivered to one G. W. Curtis, who was the contractor to build a house for Moss for a certain stipulated sum, to-wit, about $2,800, under a contract by which Curtis was to furnish all the material and do all the work, and that the lumber was sold and delivered to Curtis, and not to Moss.

The evidence was contradictory on some points, but it was shown that Hesse was plaintiffs' agent for the sale of lumber at Morgan, Bosque county, Texas, and that, about July 15, 1883, defendant had a conversation with Hesse about furnishing him lumber to build a house; Hesse told defendant he would let him have the lumber as cheap as he could get it from any one else; defendant replied that he would take the lumber if the figures suited him. Afterward Hesse learned that G. W. Curtis was the contractor employed to build defendant's house, and sent a message by defendant to Curtis for the latter to come and see him. Hesse and Curtis examined the lumber together, and agreed upon price. etc., and that the lumber should be paid for as the estimates were made. The lumber was charged to defendant, and was hauled by his wagons. Defendant made several payments in the name of Curtis, but credit was given on the books to defendant. It was shown that Hesse was authorized by plaintiffs to sell lumber for cash and to responsible parties, and that he had never seen Curtis until he came to select the lumber, and that he was unacquainted with his financial condition.

The contract between defendant and Curtis, from which it appeared that Curtis was to furnish all the material at his own expense and erect the house, was in evidence. Upon this evidence the court gave judgment for plaintiff.

Appellant's sixth assignment of error was as follows: "The court erred in overruling defendant's motion for a new trial for the reasons set forth in said motion."

*O. L. Lockett* and *Clark & Dyer*, for appellant, cited: Benj. on Sales, sec. 39 and note, (2 Am. ed.); Cleveland *v.* Williams, 29 Tex., 204; Woods *v.* Halff, 44 Tex., 634.

*Alexander & Winter*, for appellees, cited: Burleson *v.* Hancock, 28 Tex., 84; Dunham *v.* Forbes, 25 Tex., 23; Bailey *v.* Trammill, 27 Tex., 326; Mathews *v.* The State, 44 Tex., 379; Milliken *v.* Smoot, 64 Tex., 171; O'Brien *v.* Hilburn, 22 Tex., 616; Bigham *v.* Carr, 27 Tex., 147.

WILLIE, CHIEF JUSTICE.—The bills of exceptions taken to the action of the court below in sustaining objection to questions propounded to witnesses do not state what would have been the answers of the witnesses had the objection been overruled. Not knowing what would have been their answers, we cannot say that the exclusion of their testimony has prejudiced the appellants case, or tell whether or not it was material or relevant to his defense. This court has invariably refused to revise the action of the district court in excluding testimony, when there is no proper bill of exceptions showing what the testimony would have been. Milliken *v.* Smoot, 64 Tex., 171; Burleson *v.* Hancock, 28 Tex., 84.

Hence, the fourth and fifth assignments of error, which are founded upon these bills of exceptions, are not well taken. There is nothing in the first bill of exceptions to show that the question was put to the witness for the purpose of laying a predicate for his impeachment. It is the duty of a party complaining that a right has been denied him on the trial, "to take such a bill of exceptions as would show to this court what he proposed to do, and what the judge refused to permit him to do." Dunham *v.* Forbes, 25 Tex., 25.

If the evidence ruled out is subject to the particular objections sustained to it, but is admissible for any other purpose, it is the duty of the party proposing to introduce the testimony to satisfy the court that he has a legitimate object in view in offering it, so that the judge may, by his charge or otherwise, confine its effect to that purpose alone. This was not done so far as we can ascertain from the bill, and we cannot revise the court's action in rejecting the testimony.

We think the testimony warrants the conclusions arrived at by the court below. There was some conflict in the evidence, but enough was detailed in behalf of the plaintiffs to show a contract for the sale of the lumber made by Hesse with the appellant. This contract had its beginning in the proposition of Hesse made to Moss himself, and subsequently accepted by Curtis, apparently on behalf of Moss. Hesse had every reason to believe that Curtis was acting for Moss, and could not be charged with notice of any private understanding between the latter and Curtis, which freed the appellant from liability for the lumber. To all outward appearances, the acts of Curtis were in pursuance of the purchase contemplated by Moss; and if the parties to the contract were to be changed, so as to substitute Curtis in place of the party who originally proposed to buy the lumber, this should have been distinctly brought to the knowledge of the seller. That Moss was to pay for the lumber was admitted by Curtis himself. That the payment was to be made through Curtis did not affect the appellant's liability or transfer it to the agent through whom the payments were to be made.

The sixth assignment of error is too general to demand consideration. We see no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered June 11, 1886.]