[Civil No. 270.    Filed April 18, 1890.]

[24 Pac. 324.]

## A. P. TIETJEN, Plaintiff and Appellee, v. J. S. SNEAD, Defendant and Appellant.

1. LEASE—WRITTEN AGREEMENT—PLEADING—PAROL CONTEMPORANEOUS AGREEMENT—EVIDENCE.—A written agreement to lease definite as to subject-matter, price, and term is complete within itself, and demurrer to an answer pleading a prior or contemporaneous verbal agreement is properly sustained, it being merged in the written agreement and cannot be varied by proof of a verbal understanding.

2. PLEADING—ARGUMENTATIVE.—An answer which alleges the terms of an agreement argumentatively and inferentially and not directly is bad.

3. APPEAL AND ERROR—STATEMENT OF FACTS—MUST BE SIGNED BY TRIAL JUDGE.—A statement of facts not having been approved or signed by the trial judge cannot be considered by this court.

4. SAME—MOTION FOR NEW TRIAL—RULING—MUST BE EMBODIED IN BILL OF EXCEPTIONS—OTHERWISE ERROR GROUND FOR NEW TRIAL WAIVED—REV. STATS. ARIZ. 1887, PAR. 842, CITED—PUTNAM v. PUTNAM ET AL., ANTE, P. 182, 24 PAC. 320, CITED.—The motion for new trial and the ruling thereon not having been embodied in a bill of exceptions, as required by section 842, *supra,* we cannot consider any error on the ruling on the motion. Nor can we consider any error that might have been urged as ground for a new trial below, unless it had been so urged. *Putnam* v. *Putnam, supra,* cited.

5. SAME—BILL OF EXCEPTIONS—ERROR MUST AFFIRMATIVELY APPEAR —PRESUMPTION THAT RULING IS CORRECT.—An exception to a ruling of the trial court in excluding evidence is not properly stated where it is not shown that the witnesses were competent, nor that any competent questions were propounded, nor that the answer thereto, if allowed, would have been favorable to the appellant. The exclusion may have been proper, or the party complaining may not have been injured, and until the contrary is shown the presumption is in favor of the correctness of the ruling.

6. SAME—BILL OF EXCEPTIONS—MUST SHOW IT WAS SUBMITTED TO OPPOSITE PARTY—REV. STATS. ARIZ. 1887, PAR. 829, CITED.—The bill of exceptions must show that it has been submitted to the opposite party before it was signed and filed, as required by section 829, *supra.*

7. SAME—BURDEN OF ESTABLISHING—PRESUMPTIONS IN FAVOR OF JUDG-
   MENT.—The burden of establishing error is upon the appellant,
   and every presumption must be indulged by this court in favor of
   the judgment of the lower court.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Maricopa.
William W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

Goodrich & Street, for Appellants.

The exhibit attached to the complaint shows that it is not
a lease, but only a memorandum of a part of the transaction.
Defendant alleged in his answer that it expressed only a part
of the transaction and should have been allowed to prove
that fact, as also what the full transaction and agreement
was.

Parol evidence may be admitted when a part only of the
contract was reduced to writing. 1 Greenleaf on Evidence,
sec. 284a; 2 Wharton on Evidence, secs. 926, 927-1015; 2 Par-
sons on Contracts, sec. 550.

If defendant had proven the facts set up in his answer
the whole fault would have been found to be with the plaintiff.
The defendant would have cleared himself from the imputa-
tion of a breach of the contract. 1 Smith's Leading Cases,
8th ed., 934-936, *Wigglesworth* v. *Dallison.*

Edwards & Buck, for Appellee.

KIBBEY, J.—This was an action by appellee against
appellant for damages for the breach of a contract for a
lease of a store-room in Phœnix. Appellant demurred to
the complaint, and the demurrer was overruled. Appellant
pleaded the general denial, and specially that the written
memorandum of the contract did not embody the whole agree-
ment, but that a part of it rested in parol, and alleging breach
by appellant. A demurrer to the special plea was sustained,
and the ruling excepted to. There was a trial by the court.
Finding and judgment for appellee. Motion for new trial
by appellant overruled. The errors assigned are the sustaining

of the demurrer to appellant's special answer, and the admission and exclusion of certain evidence. The written memorandum, which is the foundation of appellee's cause of action, is as follows: "Exhibit A. Phœnix, Arizona, Feb. 21, '88. J. S. Snead hereby guaranty to furnish A. P. Tietjen with a lease for the whole store-room which stands upon the east part of lot eight (8), block twenty-one (21), in the city of Phœnix, Maricopa County, which said building fronts to the north side of Washington Street in said city. The above lease to be at least for the term of one year, at one hundred and forty dollars ($140.00) per month rent. But this guaranty shall not hold good in case the property is sold before that time. Lease to begin Oct. 1st, 1888. J. S. Snead, A. P. Tietjen." Appellant alleges in his answer that, at the time he and appellee entered into that agreement, the appellee and another were partners; that the agreement was made with the understanding that appellee and his partner should occupy the room for a particular purpose; that such occupancy was one of the main and essential conditions of the lease guaranteed; that, long before the day fixed for the commencement of the proposed lease, appellee and his partner dissolved their partnership, and none of the members of the firm desired the room in question for the purpose contemplated; that, at the time appellee demanded the lease in pursuance of the agreement he did so for himself alone, and for another purpose; that appellant, up to the 1st of October, 1888, was ready and willing to comply with his agreement as herein set forth.

We think the agreement sued on was complete and entire within itself. It was definite as to the subject-matter, price, and term; and any prior or contemporaneous verbal agreement must be deemed to have been merged in the written memorandum, and that cannot be varied by proof of such verbal understanding. The demurrer was properly sustained. This answer is further objectionable because the terms of the verbal part of the agreement are not alleged directly, but argumentatively and inferentially.

The statement of facts is not approved or signed by the judge of the district court. We cannot, therefore, consider it a part of the record. Rev. Stats. 1887, sec. 844; *Wampler*

v. *Walker,* 28 Tex. 598; *Witten* v. *Poindexter,* 25 Tex. Supp.
378. The motion for a new trial is not, nor is the ruling there-
on, embodied in a bill of exceptions, as required by section 842;
and hence we cannot consider any error in the ruling upon
the motion. Nor can we consider any error that might have
been urged as a ground for a new trial below, unless it had
been so urged. See *Sutherland* v. *Putnam, ante,* p. 182, 24 Pac.
320, (at this term). The bill of exceptions in the transcript
does not contain enough of the evidence given at the trial to
explain the objections and rulings complained of, and refer-
ence cannot be had to the statement of facts, for the reason
above stated. The bill of exceptions contains none of the
evidence. Secs. 824, 825.

In the bill of exceptions it is stated that at the trial the
defendant "offered to introduce George F. Coats, Charles
Goldman, E. Ganz, W. T. Smith, William Pimm, as witnesses
for himself, to show that they knew the value of leaseholds,
for the purpose of fixing the measure of damages, and show-
ing the damages which defendant suffered by the breach of
his agreement; that the court refused to allow them to tes-
tify, and refused the defendant the right to such evi-
dence, to which defendant objected and excepted." This
statement is a little confusing. There is no issue in the
case making evidence to show damages to the defendant per-
tinent. We suppose this a clerical error in the substitution of
the word "defendant" for "plaintiff." But the exception is
not properly stated. It is not shown that the witnesses were
competent, nor that any competent questions were propounded
to them, or any of them. Their exclusion may have been
proper on that account; and, until the contrary is shown,
we must presume in favor of the ruling of the court. And
further, it is not shown what answer would have been made
by the witnesses, and we cannot assume that they would or
would not have been favorable to the appellant. If the
answers would have been adverse to the appellant, he would
not have been injured, and cannot complain, and, if the
answers would have been favorable, the record should have
shown the fact to have disclosed the error. The party alleging
the error must establish it. *McAuley* v. *Harris,* 71 Tex. 631,
9 S. W. 679-683; *Railroad Co.* v. *Johnson,* (Tex.) 7 S. W. 378;

*Jacoby* v. *Brigman,* (Tex.) 7. S. W. 367; *Moss* v. *Cameron,* 66 Tex. 412, 1 S. W. 177.

The bill of exceptions does not show that it has been submitted to the opposite party before it was signed and filed, as required by section 829. This should be shown. These rules of practice are intended for the protection of litigants, and are the result of many years' efforts to devise means to that end.

It is a matter known to all the profession and to the courts that many cases have been affirmed which, had the entire proceedings, or that part of them pertinent to the question considered, been presented to the appellate court, would have been reversed. The burden of establishing error is upon the appellant, and every presumption must be indulged by this court in favor of the judgment of the lower court. *Lockhart* v. *Keller,* (Tex.) 9 S. W. 179, 181.

The judgment is affirmed.

Wright, C̄. J., and Sloan, J., concurring.