[Criminal No. 162.    Filed March 19, 1902.]

[68 Pac. 546.]

I. L. QUALEY, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—CORPORATION—OFFICER FALSIFYING BOOKS—INDICT-
   MENT — SUFFICIENCY — DUPLICITY — REV. STATS. ARIZ. 1887, PEN.
   CODE, PAR. 881, CITED.—Under paragraph 881, *supra,* providing for
   the punishment of any officer of a corporation who, with intent
   to defraud said corporation or its stockholders, destroys, alters,
   mutilates, or falsifies any of the books, papers, writing, or securities
   of said corporation, an indictment charging that defendant did
   "alter, mutilate, and falsify and cause to be altered, mutilated, and
   falsified a book in writing" belonging to said corporation, and
   then setting out the one alteration complained of, is good, it being
   unnecessary to state the name of the person whom the defendant
   caused to alter the record. While it may have been unnecessary

to have charged the offense as having been done ·and caused to be done by the defendant, the language used, taken in connection with its context, is not open to the objection that two offenses are therein charged.

2. SAME—TRIAL—CHARGE TO JURY—SETTING OUT WHOLE STATUTE—SPECIFIC CHARGE—REV. STATS. ARIZ. 1887, PEN. CODE, PAR. 881, CITED.—Upon the trial of a defendant, president of a corporation, charged with falsifying its records in violation of paragraph 881, *supra,* an instruction to the jury setting out the entire statute is not erroneous where the court elsewhere in its charge specifically stated to the jury the precise charge made against the defendant in the indictment.

3. SAME—EVIDENCE—ADMISSIBILITY—OTHER ACTS—GOOD FAITH — MOTIVE—REV. STATS. ARIZ. 1887, PEN. CODE, PAR. 881, CITED.—Upon the trial of a defendant charged with having falsified the records of the corporation, of which he was an officer, in violation of paragraph 881, *supra,* evidence of alterations and erasures in part of the record other than charged in the indictment is admissible as bearing upon the good faith of defendant and tending to establish the motive on his part for the commission of the offense charged.

4. SAME—SAME—IMPEACHMENT—HARMLESS ERROR—SNEAD V. TIETJEN, 3 ARIZ. 195, FOLLOWED.—While it may have been erroneous for the court to have sustained objections to questions asked by defendant's counsel, seeking to lay the foundation for impeachment, as to prior conversations by the witness, such error is harmless where the record fails to disclose that defendant offered any impeaching testimony as to such prior conversations.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

W. C. McFarland, and J. M. McCullom, for Appellant.

C. F. Ainsworth, Attorney-General, for Respondent.

SLOAN, J.—The appellant was indicted, tried, and convicted for the violation of paragraph 881 of the Penal Code. The charging part of the indictment reads as follows: "I. L. Qualey is accused by the grand jury of the county of Graham, territory of Arizona, duly impaneled and sworn, by this indictment, found this 5th day of October, A. D. 1900, of the crime of felony, committed as follows: The said I. L.

Qualey, who was then and there an officer of a corporation, to wit, president and director of the Arizona and Boston Copper Mining Company, a corporation created, organized, and existing under and by virtue of the laws of the said territory of Arizona, on or about the 28th day of February, A. D. 1900, and before the finding of this indictment, at the county of Graham and territory of Arizona, did then and there, as said officer of said corporation, and while acting as such officer of said corporation, willfully, knowingly, and feloniously alter, mutilate, and falsify, and cause to be altered, mutilated, and falsified, a book in writing belonging to said corporation, to wit, the ledger of the said Arizona and Boston Copper Mining Company, by erasing and altering the figures '2,515.63' after the following words, 'a/c C. A. Qualey,' on page 37 of said ledger, and falsify the same by writing and substituting in lieu thereof the figures '$50.00,' with intent then and there to defraud said corporation and the stockholders thereof.'' It is objected that the indictment is bad for two reasons: 1. That the name of the party whom defendant caused to alter, mutilate, and falsify the record in question was not stated; and 2. For the reason that the indictment stated two offenses.

Upon the first ground appellant cites the case of *United States* v. *Simmons,* 96 U. S. 360, 24 L. Ed. 819. The indictment in the Simmons case charged that the defendant ''did knowingly and unlawfully cause and procure to be used a still,'' etc. The court held the indictment insufficient in the following language: ''Since the defendant was not charged with using the still, boiler, and other vessels himself, but only in causing and procuring some one else to use them, the name of that person should have been given. It was neither impracticable nor unreasonably difficult to have done so. If the name of such person was unknown to the grand jurors, the fact should have been stated in the indictment.'' In this case the charge is that the defendant did ''alter, mutilate, and falsify, and cause to be altered, mutilated, and falsified, a book in writing.'' The distinction between the two indictments is obvious. In the one the defendant was not charged with any act of participation in the offense. In the latter this distinctly appears from the allegations of the indictment. Again, a reading of the indictment discloses that but one

alteration is complained of. The allegation that the defendant altered and caused to be altered the book in question can have relation to but one act of alteration. In a sense, one who does a thing causes it to be done. While it may have been unnecessary to have charged the offense as having been done and caused to be done by the defendant, the language used, taken in connection with its context, is not open to the objection that two offenses are therein charged.

The court, in its charge to the jury, stated the full contents of paragraph 881, under which the indictment was framed. It is urged that this was error, because certain parts of section 881 pertain to kindred offenses not embraced in the indictment. We do not regard this as error, inasmuch as the court elsewhere in its charge specifically stated to the jury the precise charge made against the defendant in the indictment, and the jury could not have been misled, presuming them to have had ordinary intelligence.

A number of errors are assigned raising questions as to the correctness of the court's rulings in the admission or rejection of evidence. Some of these we have already disposed of in passing upon the sufficiency of the indictment. Others are not of sufficient importance to be considered.

It is assigned as error that the court, over objection, permitted the witness A. E. Nelson, an expert bookkeeper, called on behalf of the territory, to testify as to certain erasures and substitutions on another page of the book in which the alteration complained of appears. This evidence clearly bore upon the question of good faith of the defendant in making the alteration complained of, and tended to establish the motive on his part for the commission of the offense charged, and we think was admissible. The defendant sought to lay the foundation for the impeachment of this witness by asking him the following question: "Q. Did you have a conversation with Mr. Birdno in the store of Mr. Soto, that all you wanted to do was to get him indicted?" The objection to this question was put upon the ground that, the testimony of the witness being wholly of an expert character, he was not subject to impeachment in the manner indicated by the question. While we do not think the objection was well taken, the record fails to disclose that the defendant followed up his question by any effort to introduce the testimony of Birdno,

or of any one else, as to whether the statement indicated by the question was or was not made by the witness. The cause ought not to be reversed because a question of this sort was ruled out by the court, unless the record discloses some effort to produce the impeaching evidence, or unless it is proffered in such a way as to make it probable that such evidence was available. For aught that appears in the record, counsel for the defendant may have simply put the question with no intent of introducing impeaching evidence of the character indicated, no matter how the question may have been answered by the witness. It is no answer to this that, the court having ruled the question inadmissible, the foundation for the introduction of the testimony of the impeaching witness was not laid, and therefore it would have been idle to have proffered it. The objection having been made by the territory to the question tending to lay the foundation for the introduction of such evidence, the territory could not have been heard to raise the objection that such foundation was not laid. We think counsel for the defendant should either have stated that he expected to impeach the witness in the manner indicated by the question either by the answer of the witness or by other evidence, or have made proffer of such evidence; and the failure to do either must be taken as showing that the error of the court was harmless. A slight consideration will show the necessity for this. Were this cause reversed and a new trial granted for the reason assigned, there is no showing in the record indicating that the witness would or could be impeached in the manner indicated by the question excluded by the court. The rule is stated in *Snead* v. *Tietjen,* 3 Ariz. 195, 24 Pac. 324.

We find no error in the record sufficient to reverse the cause, and the judgment of the court below is therefore affirmed.

Street, C. J., and Davis, J., concur.