[Civil No. 905.   Filed March 30, 1906.]

[85 Pac. 725.]

## ROY & TITCOMB, Defendants and Appellants, v. JULIUS FLIN, Plaintiff and Appellee.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT—NOT CONSIDERED ON APPEAL UNLESS PRESENTED TO TRIAL COURT IN MOTION FOR NEW TRIAL. —An assignment of error that the trial court erred in denying appellant's motion for judgment at the conclusion of appellee's case, cannot be considered on appeal where the ruling complained of was not presented to the trial court for review in the motion for a new trial.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR—DEFECTIVE.—An assignment of error that the evidence does not support the findings or judgment, is defective in not specifying in what particular or particulars the evidence fails to support the findings or judgment.

3. STATUTE OF FRAUDS—CONTRACT—PROMISE TO PAY DEBT OF ANOTHER —INDEPENDENT AGREEMENT.—Where a contractor for whom plaintiffs were sureties abandoned his contract, thereby releasing plaintiff, a subcontractor, from carrying out his contract, and defendants, in order to induce plaintiff to complete the same, orally promised to assume the payment of the amount due from the contractor to plaintiff, such promise by defendant was based on an independent agreement, founded on a good consideration moving from plaintiff, and was not within the statute of frauds.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. Geo. R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Frederick S. Nave, and Eb. Williams, for Appellant.

Wm. M. Lovell, and F. K. Miller, for Appellee.

SLOAN, J.—Roy & Titcomb, an incorporated company, was surety upon a contractor's bond given by one James Vandevort in favor of the county of Santa Cruz to insure the faithful performance by Vandevort of a contract, by the terms of which Vandevort was obligated to build a courthouse for said county, according to plans and specifications made part thereof, on or before a certain date therein speci-

fied. The appellee, Flin, was a subcontractor under Vandevort, and by his written contract was obligated to furnish the labor and materials for the stone work on said courthouse and to complete the same on or before a certain date specified in said contract. In case Flin should fail to complete the stone work on or before said date, the contract provided that he should pay, by way of liquidated damages, the sum of fifty dollars for each day said work should remain uncompleted after said time limit. Vandevort defaulted in his contract after partially performing the same, and the appellant, as his surety, under agreement with the board of supervisors of said county, completed the work begun by Vandevort in accordance with the terms of his contract. At the time Vandevort defaulted, Flin had begun the stone work, and the former was indebted to him in the sum of one thousand dollars. Upon notice of Vandevort's default Flin ceased work under his contract. Thereafter, under a verbal agreement with Edward Titcomb, the president of the appellant company, Flin agreed to resume the stone work and to complete it as called for in the plans and specifications, and under this verbal agreement did resume the work and complete the same, but not until after the expiration of the time limit named in his written agreement with Vandevort. Upon the completion of the work Flin demanded a settlement of his account with appellant upon the basis of the full contract price agreed to be paid by Vandevort, less the amounts paid by Vandevort and by appellant. This demand was refused by appellant, whereupon Flin brought suit to recover the sum of $1,406.99 claimed by him to be due as such balance, and to recover in addition two several sums of two hundred and twenty dollars and $87.40 claimed by him to be due for extra work done at the instance and request of the appellant. The appellant answered the complaint with a general denial, and also filed a counterclaim in the sum of three thousand five hundred and fifty dollars, based upon the failure of Flin to complete his contract within the time limit specified in his written contract with Vandervort. The case was tried by the court without a jury. At the conclusion of the testimony put in by appellee, appellant moved the court "for a judgment on the plaintiff's case in favor of the defendant." This motion was denied

X Ariz.—6

by the court, whereupon appellant put in its evidence, and, the case being closed, the court rendered judgment in favor of Flin in the sum of $1,494.39, together with interest thereon, and the costs of suit. Appellant moved the court for a new trial upon the general grounds: 1. That the court erred in admitting and rejecting evidence; and, 2. That the judgment was not supported by the evidence. The motion was overruled, and an appeal taken from this ruling and from the judgment.

Appellant assigns as error the ruling of the court in denying its motion for judgment at the conclusion of appellee's case. The merit of this assignment, if any there be, cannot be considered, for the reason that the ruling complained of was not presented to the trial court for review in the motion for a new trial. *Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 324.

The second and remaining assignment of error is that the evidence does not support the findings or judgment. The assignment is defective in not specifying in what particular or particulars the evidence fails to support the findings or judgment. It is argued in the brief of appellant that the findings are not sustained by the evidence in the particular that it shows that the agreement on the part of the appellant, if any there was, to pay the sum due Flin from Vandevort at the time appellant undertook to complete the contract, was not in writing, and hence not enforceable under the statute of frauds; it being an agreement to answer for the debt of another. An examination of the record shows that the evidence tends to establish that appellant, at the time of its verbal agreement with Flin to complete the stone work, assumed the payment of the amount due from Vandevort as an inducement and part consideration for the resumption of the work by Flin and the carrying out of the full terms of his contract with Vandevort, which he was under no legal obligation to do. The oral promise on the part of appellant to pay the debt due Flin from Vandevort was therefore an independent agreement and was founded on a good consideration. "The promise of one person, though in form to answer for the debt of another, if founded upon a new and sufficient consideration, moving from the creditor and promisee to the promisor, and beneficial to the latter, is not within the statute of frauds, and need not be

in writing, subscribed by him, and expressing the consideration." *Dyer* v. *Gibson,* 16 Wis. 557.

A review of the evidence fails to disclose such failure of proof to sustain any of the material findings of the court as requires the reversal of the judgment.

The judgment is therefore affirmed.

KENT, C. J., DOAN, J., and CAMPBELL, J., concur.