MAT. MONTGOMERY, *Appellant,* v. THE STATE OF KAN-SAS, *Appellee.*

## *Criminal Appeal from Douglas County.*

The statute has provided [Ch. 119 Com. L., secs. 24, 25,] two methods by which a grand jury may be filled to the required number by the District Court when for any cause a sufficient number shall not be present and answer on the calling of the panel.

It is error in such case for the court below to order persons to be transferred from those duly served and returned as petit jurors to the grand jury, and

to order other persons to be selected from the bystanders to complete the panel of the grand jury.

*But held* that the Criminal Code does not allow a defendant, after conviction, for the first time to raise the objections, but, to be available, they must be raised before pleading to the merits.

That the grand jury that found the indictment under which the defendant is arraigned, was improperly constituted, is not a ground for a new trial nor for an arrest of judgment under the Criminal Code.

*Semble,* motion to quash, plea in abatement or other dilatory plea would be the proper manner of raising the question.

The record failing to show that the substantial rights of the parties have been affected, the jury having been composed of good and lawful men, the same that *might* have been selected had the order been according to law, the Supreme Court will not interfere; the indictment *held* sufficient to sustain the judgment.

The mere fact that the record fails to show that one of the petit jurors who was duly sworn and tried the case, was summoned or selected from the bystanders, ought not to vitiate the verdict, the record showing that the whole twelve were good and lawful men of the body of the county, and failing to show that the defendant was prejudiced by the omission.

The record of the court below shows the following orders (referred to in the opinion,) relative to the organization of the grand jury:

"The panel of the grand jurors being called the following named persons answered to their names, to-wit: William Draper, R. F. Barber, John E. Campbell, John Morehead, Ira Jennings, Levi Woodward, R. S. Johnson.

"The panel of the grand jury being incomplete, it is ordered by the court that the following named persons be and they are hereby transferred from the petit jury to the grand jury, to-wit: G. W. Cosley, W. Chutchfield, Moses Taylor, Samuel Reynolds, W. H. Careless, W. I. Barber.

"The panel of the grand jury still being incomplete, it is ordered by the court that the sheriff select from the bystanders two persons to complete the same, and thereupon the sheriff selected Thomas Seetin and William Jesse, two good and lawful men of the county of Douglas to fill the same.

"The panel of the grand jury being now complete it is

ordered by the court that George W. Cosley be and he is hereby appointed foreman of the same.

"Whereupon said grand jury was duly impanneled, sworn and charged according to law, and thereupon retired," &c.

Other facts appear in the opinion of the court.

The case was argued in the Supreme Court by *E. V. Banks* for appellant, and by *Attorney General Brumbaugh* and *S. A. Riggs*, Ass't Co. Att'y, for the State.

*Thacher & Banks*, for appellant, submitted :

*First.* The power of courts must be exercised in a legal manner. 2 *Bac. Abr.*, 620.

I. Are not the District Courts of Kansas of limited jurisdictions? 1st. The courts of the United States are so declared. (6 *Amer. Com. L.*, 322; 1 *Pet.*, 30; 5 *Cranch*, 173.) The powers of our District Courts are specifically pointed out by law. (*Ch.* 68 *Comp. L.*, 454-5,) *under art.* 3 *Const.* (*Comp. L.*, '58.) There is no law specifically making it a court of general or common law jurisdiction. (1 *N. Y.*, 232.) 2d. But were they such, when exercising a statutory power, their acts will be invalid unless the authority on which they are founded has been strictly pursued. (3 *Clark*, (*Iowa*) 123; 3 *Comst.*, 511; 19 *John*, 39; 3 *Am. Com. L.*, 575; 2 *Cranch*, 445.) Especially where the acts are in obtaining jurisdiction. (1 *Hill*, 130; 2 *Kern.*, 575; 6 *Abb. Pr. R.*, 162. *See* 5 *Abb. N. Y. Dig.*, *p.* 85, *sec.* 96; 3 *Am. Com. L.*, 575; 12 *Iowa*, 158.) 3d. The statute conferring power to summon and organize grand and petit juries, points out *all* the powers of the court. (*Comp. L.*, 607; *Laws* 1864, *p.* 114. *See sec.* 2, (*amending sec.* 15 *of Act of Feb.* 11, 1859,) *of Act of* 1864 *and sec.* 24 *of Act of Feb.* 11, 1859, *Comp. L.*, 607.) The court in no case has power to select jurymen, nor to order those drawn for petit, to serve on the grand jury, nor to

order the sheriff to *select*, but to summon. (*Secs.* 24, 26.) The court had no power to appoint a foreman except from among those "summoned" and "appearing." (*Sec.* 57, *Crim. Code, Comp. L.*, 247.) The court had no power to try the case before a petit jury—one member of which had never been summoned. (*Secs.* 24, 26.) 4th. The "summoning" of juries was necessary at common law, and is under the statutes, unless abolished by the statute. (1 *Chit. Cr. L.*, 310, 503 ; 1 *Spencer*, 218 ; 12 *John*, 212 ; 2 *Southard*, 539 ; 1 *Rich.*, 188 ; *Halstead*, 298.) Every word of a statute is presumed to have force. *Sedg.*, 322.

II. A *valid* indictment is necessary to confer jurisdiction upon the trial court. 2 *Park. Cr. R.*, 158 ; *Art.* 5 *Amt. U. S. Const.*

1st. "Trial by jury" implies, on a valid indictment. (2 *Park. Cr. R.*, 402 ; 2 *Ohio S.*, 296 ; 2 *Lead Cr. Cases*, 327. 2d. "Indictment" defined "an accusation of a crime presented by a grand jury *legally convoked.*" (1 *Bouv. L. Dic.*, 624 ; *Blackst. Com.*, 299 ; *Co. Litl.*, 126 ; 2 *Hale*, 152 ; *Bac. Abr. h. t.* ; 1 *Chit. Cr. L.*, 168.) "Grand jury" defined. (*Bouv. L. Dic.*, 565.) As to the necessity of *legal* qualification of the members. (2 *Lead. Cr. Cases*, 323 ; *Doyle* v. *State*, 17 *Ohio*, 222 ; 6 *Id.*, 435 ; 12 *Sm. and M.*, 68 ; 7 *Yearger*, 271 ; 6 *Texas*, 99.) "Qualified" applied to jurors, means not only competency, (native character,) but also includes being armed and shielded with all the artificial formulas of law. (Webster's synonyms). 3d. Adding one member illegally, vitiates the action of the whole. (2 *Lead Cr. Cases*, 323 ; *Portis* v. *State*, 23 *Miss.*, 578.) 4th. Less than fifteen persons legally convoked, is not a grand jury, (Act March 1st, 1864, sec. 1,) and a party cannot be put upon trial under an indictment found by such a jury. (17 *Ohio*, 225.) The defendant must be brought before the court in the manner required by law or the proceedings, are void. (19 *John*, 39 ; 7 *Cow.*, 269 ; 3 *Ohio S.*, 494.) 5th. That the defect shown in the record in

this case is *material*. (8 *Smead & Marsh*, 599 ; 7 *U. S. Dig.*, *p.* 328, *secs.* 35, 36.) In criminal cases any omission of a statutory requirement, especially that pointing out the mode of acquiring jurisdiction, is *presumed* to prejudice the rights of the defendant. In this case the grand jury had the law been complied with, *must* have been composed of members, six at least of whom would have been different persons from those which did compose it, for the conclusive reason that the sheriff *would* not naturally have summoned, nor had he authority to summon, to fill the panel of the grand jury with persons who had been legally returned, summoned, and had appeared as petit jurors for the same term. They were not "bystanders" within the meaning of the law.

III. The regularity of all the proceedings of the court should appear by the record itself. (2 *Park. Cr. R.*, 156-7 ; *Barb. Cr. L.*, 370 ; 1 *Ch. Cr. L.*, 700 ; 3 *Salk.*, 358 ; *Comb.*, 144 ; 3 *Mod.*, 265 ; *Noble* v. *Shearer*, 6 *Ohio R.*, 426.) 1st. Jurisdiction at all events should appear. 2d. The object of this petition in error is to bring the record up for inspection ; if it contain error, and that material, and which has not been cured, the case must be reversed. *McGuire* v. *The People*, 2 *Park. Cr. R.*, 156.

IV. The defect in the record as to the petit jury is fatal. 18 *John*, 212 ; 2 *Park. Cr. R.*, 157-8.

2d. The defects in the organization of the grand jury were not waived. 1st. Consent cannot give jurisdiction in a criminal case. (3 *Abb. N. Y. Dig.*, 565, 566, *sec.* 37 *and cases* ; 2 *U. S. Dig.*, 675, *secs.* 18, 19 ; 4 *McCord*, 79 ; *Hardin*, 96 ; 5 *U. S. Dig.*, 251, *sec.* 82 ; 17 *Ohio*, 225 ; *Barb. Cr. L.*, 372 ; 3 *Ala.*, 342 ; 3 *Caines R.*, 129 ; 3 *Barb.*, 232 ; 4 *Den.*, 373.) 2d. The doctrine of waiver not applicable to criminal cases. (17 *Ohio*, 225 ; *Barb. Cr. L.*, 372 ; 1 *Ch. Cr. L.*, 661 ; 1 *Clark*, (*Iowa*) 492 ; 18 *John*, 218, SPENCER, J.) 3d. The doctrine of waiver in criminal cases, has been applied only *first*, where plea in abatement or demur-

rer is specially provided for by statute, and *second*, where evidence *aliunde* the record is relied on to support the plea in abatement. (2 *Lead Cr. Cases*, 323.) 4th. No special provision is made for a plea in abatement or demurrer. (*Crim. Code, secs.* 87, 88, 140, 141, 142.) The Criminal Code is imperfect, and only recognizes a plea in abatement inferentially, and as to *it* we must fall back on the common law. The old English rule as to the *natural order* of pleading, putting jurisdiction first, and that each subsequent plea admits that there is no foundation for the former, does not, as to jurisdiction, prevail in the United States. (1 *Binn*, 138; *Id.*, 219; 2 *Dall*, 368; 3 *Id.*, 19; 10 *S. & R.*, 229.) 5th. Consent cannot convert into an indictment, what in law, is *not* especially *implied* consent, and where the *implication* rests only on an obsolete rule as to the *order* of pleading. *Doyle* v. *The State*, 17 *Ohio*, 225; 5 *Abb. N. Y. Dig.*, 353, *sec.* 1; 3 *Id.*, 565, '37.) 6th. That a defect of the nature of that in this case, is the subject of a writ of error, and a subject of inquiry *upon suggestions to the court*, see 2 Lead. Cr. Cases, 323, 326. " If the defect appear upon the face of the record, defendant may move in arrest of judgment." *Id.*; *Barb. Cr. L.*, 343, 372; *Russ & Ry C. C.*, 158; 1 *Ch. Cr. L.*, 166; 17 *Ohio*, 225.) 7th. Can a defect appearing on the record be *pleaded?* A plea is not admissible, contradicting a record. (*Tuck* v. *The State* 7 *Ohio*, 240; 2 *Lead. Cr. Cases*, 326.) 8th. Any objection which would have been fatal on demurrer, will be equally so on motion in arrest. *Barb. Cr. L.*, 372; 1 *Ch. Cr. L.*, 661.) 9th. Where want of jurisdiction appears of record, the court should dismiss at *any* stage. (3 *Am. Com. L.*, 573; 7 *Conn.*, 229, 588; 4 *Id.*, 258; 1 *Mass.*, 347; 5 *Id.*, 362; 4 *Conn.*, 380.) 10th. The authority to arrest judgment is inherent in a court of law unless expressly taken away. (*Gould Pl.*, 492; 1 *Ch. Pl.*, 656; 3 *Bl. Com.*, 387, 393-5; 16 *John*, 146; 3 *Foster*, (*N. H.*) 171; 8 *How. Pr.*, 159; 2 *Min.*, 282.) 11th. Under

our Criminal Code, motion in arrest is the proper remedy, (sec. 260); so also is a suggestion, (sec. 261). The motion to *quash* is not, (sec. 204,) as the defect does not appear "on the face of the indictment." Besides defendant was not in custody when the indictment was found, and could not challenge the array of jurors. He had no preliminary examination. It is *usual* to reserve the motion. (1 *Ch. Cr. L.*, 301-4.) 12th. Motion in arrest may be founded on any part of the record which imports that the proceedings were inconsistent or repugnant, and would make the sentence appear irregular to future ages. (*Barb. Cr. L.*, 372; 1 *Ch. Cr. L.*, 661; 2 *Whar.*, 3043, *and cases.*) If there is any doubt that a question of jurisdiction may be raised at any time, and that a motion in arrest is a proper manner, we would say that this has been the view of this court heretofore, as appears by the opinion in Rice *v.* The State of Kansas, 3 Kans. R., 168. Judgment could not be rendered on such a record. (*Carr* v. *The State*, 1 *Kans. R.*, 331; *The State* v. *King, Id.*, 466.) 13th. The order of the judge complained of was an "intermediate order" within the meaning of section 264 of the Criminal Code, and reviewable without a motion in arrest, or an exception, the error appearing of record. 5 *Am. Com. L.*, 186; 1 *Halst.*, 388; *Barb. Cr. L.*, 361; 21 *Wend.*, 509; 2 *Iowa*, 188.

*Second.* The motion in arrest was at least good as a suggestion to the court, of error shown in the record. 2 *Lead. Cr. Cases*, 326; *Barb. Cr. L.*, 372. And a writ of error would lie. 2 *Lead. Cr. Cases*, 323, 326; *Barb. Cr. L.*, 343.

*Riggs & Riggs*, for the State, submitted:

The Code of Criminal Procedure covers the whole ground of criminal practice. The remedies it affords to a defendant are full and ample, and substantially the same as afforded at common law.

Statutes prescribing forms of procedure and remedy must be strictly followed. *Sedg. on Statutory and Const. Law, p.* 319.

The intention of the legislature will control absolutely the action of the judiciary; and where that intention is clearly ascertained, the courts have no other duty to perform than to execute the legislative will without any regard to their own views as to the wisdom or justice of the particular enactment. *Sedg. on Statutory and Const. Law, p.* 379.

No application for relief was made by the defendant, Mat. Montgomery, in this case until after verdict, when various motions for a new trial and in arrest of judgment, were presented to the court and overruled.

Was the action of the District Court in overruling such motions after verdict, erroneous?

The grounds upon which the courts will entertain a motion for a new trial or in arrest of judgment, are specifically enumerated in the statute referred to. *Code Crim. Proc., sec.* 256, *et seq.*

And it will not be claimed by counsel for appellant, that the motions filed herein or any of them are based upon such enumerated grounds.

By a reference to these statutory grounds of relief, it will be seen that in every instance it is a necessary condition to such relief that some substantial right of the criminal should have been affected by the alleged erroneous or irregular proceedings, and in no case does a mere irregularity entitle the party to such relief.

Courts then will not extend these remedies not only entirely beyond the limits fixed by the legislature, but beyond the manifest principle and policy which governed it in extending the relief.

If there was any irregularity in the mode of impanneling the grand jury, which presented the bill of indictment in this case, which would operate to vitiate their presentment, the manner in which it was to be taken advantage of is indicated in sec. 60, p. 247 of Criminal Procedure.

A challenge to the array of grand jurors upon any other

than enumerated grounds, is denied in section 61, p. 247, Criminal Procedure.

The remedy by a motion to quash, if such remedy was applicable, was not sought to be used.

The relief then sought by the appellant must, if he be entitled to any relief, be found outside of the Code of Criminal Procedure.

At the common law, irregularities in selecting and impanneling the grand jury which do not relate to the competency of individual jurors can in general only be objected to by a challenge to the array. 1 *Bish. Crim. L.*, *p.* 671, 672; 1 *Whart. Crim. L.*, sec. 468, *et seq.* *People* v. *Griffin*, 2 *Barb.*, 427; *State* v. *Ward*, 2 *Hawks*, 443; *State* v. *Martin*, 2 *Iredell*, 101; *State* v. *Lanson*, 3 *Hawks*, 175; *State* v. *Seaborn*, 4 *Dev.* 305.

Exceptions to any petit juror which are known at the time of impanneling the petit jury, are waived if not taken at that time. *Halleck* v. *The State*, 2 *Met.*, 558; 1 *Pick.*, 41; *Barlow* v. *The State*, 2 *Blackf.*, 114; *Lisle* v. *The State*, 6 *Mo.*, 153.

The statute directing mode of selecting jurors, is merely directory. *People* v. *Ransom*, 7 *Wend.*, 417; 5 *Cow.*, 289; 6 *Id.*, 584; 7 *Id.*, 289.

*By the Court,* SAFFORD, J.

The record in this case beginning with the steps taken to constitute the grand jury by which the bill of indictment herein was found; previous to and at the November term of the District Court of Douglas county, 1864, exhibits the following facts:

That a grand jury was ordered for that term in accordance with the provision of section 7, chap. 64, Laws 1864. That a venire was duly issued for the number of grand jurors required by law, and whose names had been ascertained in accordance with the provisions of chapter 119, Comp. Laws, 1862. That the venire was received, served

and returned by the sheriff. That of the persons so summoned, seven only were impanneled as grand jurors. That to complete the panel six persons were transferred by the court from those duly served and returned as petit jurors for the same term, and that two persons were ordered by the court to be selected from the bystanders, which was done by the sheriff. That these persons—fifteen in number, were impanneled, sworn and charged as grand jurors for that term, with G. W. Cosby, one of the persons transferred from the list of petit jurors appointed foreman. That the grand jury so constituted, found and presented to the court the indictment upon which the appellant was arraigned, and to which he pleaded not guilty at the May term of said court, 1865.

Thereupon a jury was impanneled to try the issue so made. Trial had and a verdict of guilty rendered against the then defendant, now appellant.

The record shows that all the petit jurors who tried this cause in the District Court, were summoned or selected by the sheriff, except one Wm. McKinney. All that appears in regard to him, is the fact that he was impanneled and sworn to try this cause with the rest of the jury. After verdict, the appellant moved for a new trial and in arrest of judgment, relying upon the following grounds: That the grand jury which found the indictment, was not constituted according to law; that therefore the indictment was in fact no indictment against the defendant, and did not confer jurisdiction upon the court to try him; that the petit jury which rendered the verdict of guilty was not legally constituted, and therefore the verdict is void.

The motions for a new trial and in arrest of judgment were overruled, and judgment entered against the defendant, who duly excepted and appealed to this court.

Section 24, chapter 119, Compiled Laws 1862, reads as follows: "Whenever for any cause grand or petit jurors shall not have been drawn and summoned to attend any

District Court, or a sufficient number of qualified jurors shall fail to appear, such court may in its discretion order a sufficient number of grand or petit jurors or both to be forthwith drawn and summoned to attend such court, or such court may, by an order to be entered in the minutes of such court, direct the sheriff of the county forthwith to summon so many good and lawful men of his county to serve as such jurors as the case may require."

Section 25 provides that on receiving a list of the jurors drawn pursuant to section 24, or a copy of the order mentioned therein, the sheriff must proceed to summon such jurors and return their names to the court as upon an original venire.

It will be seen that the statute has provided two methods by which a grand jury may be filled to the required number by any District Court when for any cause a sufficient number shall not be present and answer on the calling of the panel.

In this instance the court failed to adopt either method. Eight jurors at least were required to complete the panel, as seven only answered of the original number drawn and summoned. Thereupon the court ordered six persons to be transferred from the petit jury to the grand jury and two persons to be selected from the bystanders by the sheriff, as we have before seen.

We think that the court erred in making each of these orders. The proceedings should have been in accordance with the provisions of sections 24 and 25, above referred to.

But if the defendant below had desired to avail himself of any advantages which these errors might have afforded him, at what time during the progress of the trial, and in what way was it incumbent on him to proceed to secure such advantage? Could he plead to the indictment, allow the trial to go on to a conclusion, thus taking his chances for conviction or acquittal, and then after finding out that

35

he has been convicted, for the first time, make his objection?

We do not think that our Criminal Code allows a defendant so to do, and to its provisions must we look as furnishing the rules which are to be followed in cases of this nature according to their stage of progress. These are sufficiently explicit both as regards the rights of the state in prosecuting for the commission of crime, and the saving of those of a defendant who stands charged with such commission. We will mention some of those having reference to the rights of a defendant. It is provided that a defendant may move to quash an indictment for certain reasons which if they exist, will authorize the court so to do. Pleas in abatement or other dilatory pleas are also recognized, and may be interposed provided their truth be shown by affidavit or other evidence; (sec. 141, Comp. *L.*, 1862, p. 257). Indeed it is not asserting too much to say that under the Criminal Code a party charged with crime may have the benefit of all just matters of defense as well as of all defects and imperfections in the proceedings against him on the part of the state which tend to prejudice his rights. But he must assert his privilege in the proper way and at the proper time or he may be deemed to have waived it except in case where special provision is made and which may give him a double remedy. In the case at bar the defendant below might have raised the question as to the proper constitution of the grand jury, before pleading to the merits. Had he taken this course his objections would have been properly before the court for its consideration and judgment. But he failed to do so in any manner whatsoever.

After a verdict of guilty, as before stated, he moved for a new trial and in arrest, both of which motions were intended to raise the objection under consideration.

A new trial may be granted or judgment arrested for certain specified causes. *Secs.* 258, 260, 261, *p.* 274, *and section* 189, *p.* 264, (*Comp. Laws,* 1862).

The cause insisted on and on account of which a new trial and arrest of judgment were asked in this case, is not among those enumerated. It follows then that no authority was conferred upon the court to grant either motion of the defendant below by any one of the sections referred to, and we know of no other statute bearing upon the question.

There are, however, other considerations worthy to be mentioned in view of the facts presented in this case. Was the defendant below prejudiced by the errors complained of? There is no pretence that any fraud or corruption was practiced or that any other than competent jurors good and lawful men were sworn on the grand jury, but on the other hand the whole case rebuts any such idea or presumption. Let us suppose that the court (on discovering that a sufficient number of grand jurors did not make their appearance,) had by an order directed the sheriff forthwith to summon so many good and lawful men of the county as would be sufficient to complete the panel, and that the sheriff had performed the duty so required, how can we say that the very same persons who were actually sworn on the jury would not have been selected and summoned by him, and thus the grand jury have been composed of the very same persons in the one case as in the other.

We are unable to see how he was at all prejudiced. Indeed it is scarcely claimed on the part of the appellant that such was the case. It is the substantial rights of a party which must have been affected, otherwise this court is not authorized to interfere. We are therefore of the opinion that this cause should not be reversed upon the ground stated in regard to the grand jury.

Taking this view it will not be necessary to consider the second point as to the indictment itself. If our first position be correct, it should most certainly be held to be valid and sufficient to sustain the judgment.

In regard to the question raised as to the petit jury or one of them, we have no hesitation in saying that it is not material so long as nothing prejudicial to the rights of the defendant below is shown to have resulted therefrom.

The mere fact that the record fails to show that he was summoned or selected from the bystanders as he might have been, ought not to vitiate the verdict, and the more especially, since the record does show that he was duly sworn to try the cause with the rest of the jury, and that the whole twelve were good and lawful men of the body of the county.

Other questions have been raised by the record in this case, but as the counsel have not seemed to rely at all upon them, we do not think it necessary to discuss them. The judgment of the District Court will be affirmed.

All the justices concurring.