[Criminal No. 240.   Filed March 22, 1907.]

[89 Pac. 591.]

## WILLIAM THOMAS, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—FRAUDULENT CLAIMS AGAINST THE COUNTY—INDICTMENT—EVIDENCE.—Where an indictment for the prosecution charges defendant with presenting a certain false and fraudulent claim in an account, which account is set forth in full in the indictment, and sets forth one particular item as fraudulent, testimony as to the fraudulent character of other items of the account was properly admissible as bearing upon the intent and good faith of the defendant.

2. GRAND JURY—SUMMONING JURORS—OBJECTIONS—HOW RAISED—INDICTMENT—REV. STATS. ARIZ. 1901, CIVIL CODE, PAR. 2808, PENAL. CODE, SECS. 791, 792, AND 862, AND LAWS 1905, PAGE 28, CHAP. 24, CONSTRUED.—Where the defendant, not having been held to answer before the finding of the indictment upon arraignment, moved to set aside the indictment for failure of the court to include in its order for a special venire, a sufficient number of jurors not having appeared upon the impaneling of the grand jury that found the indictment, the provision of paragraph 2808, *supra,* as amended by the Laws of 1905, chapter 24, *supra,* that such persons summoned as jurors should not be persons who had served as jurors upon the regular list within the previous twelve months, *held,* the objection is not one that can be raised under the provisions of sections 791, 792 and 862, *supra,* either as a ground for challenge or by motion upon arraignment.

3. INDICTMENT—SETTING ASIDE—GROUNDS—REV. STATS. ARIZ. 1901, PAR. 2808, AS AMENDED BY THE LAWS OF 1905, CHAP. 24, CONSTRUED.—Where jurors summoned by special venire had not, as a matter of fact, served as jurors on the regular list within the preceding twelve months, the defendant was in no wise prejudiced by the action of the court in failing to include in its order the

provisions of paragraph 2808, *supra,* as amended, that the persons summoned as jurors should not be persons who had served as jurors upon the regular list within the previous twelve months, such failure being merely an irregularity, as no ground for the setting aside of the indictment.

4. SAME—SAME—SAME—REV. STATS. ARIZ. 1901, PENAL CODE, SECS. 862 AND 863, CONSTRUED—REV. STATS. ARIZ. 1887, SECS. 1513, 1514 AND 1515, CITED.—Under subdivision 2 of section 862, *supra,* the failure to insert at the foot or indorse upon the indictment the names of the witnesses examined before the grand jury is ground for setting aside the indictment on motion upon arraignment. Section 863 provides: "If the motion to set aside the indictment is not made, the defendant is precluded from afterward making the objections mentioned in the last two sections." The code of 1887 contains in section 1513, *supra,* the provisions re-enacted in the code of 1901 as section 862, and in section 1515, *supra,* the language re-enacted in section 863. The code of 1887 also contained another section, to wit, section 1514, *supra,* which was not re-enacted in the code of 1901, and the words, "the last two sections," in section 1515, related to sections 1513 and 1514. In the revision of 1901 the legislature neglected to make the necessary change in section 863 to conform to this omission. The history of this legislation shows that the words, "the last two sections," cannot be held to apply to the last two subdivisions merely of section 862, but to the whole section. *Held,* the provision of subdivision 2, section 862, *supra,* is covered by section 863, *supra,* so that a motion made after the verdict to set aside the indictment, on the ground that the name of a witness who had been examined before the grand jury upon the finding of the indictment was not indorsed thereon, was made too late, and was properly denied.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

Robert E. Morrison, for Appellant.

E. S. Clark, Attorney General, for the Territory.

KENT, C. J.—The indictment in this case charged the defendant, William Thomas, as contractor having charge of the county hospital and poor farm of Yavapai county, with presenting for allowance a false and fraudulent claim contained in a certain quarterly account made by the defendant for the care of the indigent sick of the county. The indictment set forth in full the quarterly account, containing many items covering the charges for the care of different persons, includ-

ing the alleged fraudulent claim, and specifically charged that the account and claim was false and fraudulent, in that it made a false charge for care and treatment of one Dorami. At the trial, the court allowed, over the objection of the defendant, testimony tending to show that certain charges set forth in the said account for the care of two persons other than Dorami, to wit, one Garner and one Headt, were likewise false and fraudulent, and the admission of this testimony is assigned as error. It is not contended by the appellant that, as a general principle of law, evidence of fraudulent acts similar to the act set forth in the indictment is not admissible as showing the intent and motive, but it is contended that, as the pleader has here set forth in the indictment all the items in the quarterly account, including the items for care of Dorami, Garner, and Headt, and has specifically charged that the Dorami items were fraudulent, and has omitted to charge that the Garner and Headt items were fraudulent, he is precluded from giving testimony as to the falsity of any item except the Dorami item. In support of his contention, counsel cites the case of *McDonald* v. *People,* 126 Ill. 150, 9 Am. St. Rep. 547, 18 N. E. 817. There the indictment charged the conspirators with an attempt to defraud Cook county by means of false statements as to work and material furnished for a normal school. On application, the court made an order requiring the state's attorney to file a bill of particulars, containing the date and number of all the fraudulent bills and vouchers relied upon by the state to secure a conviction. At the trial the prosecution was permitted to introduce evidence regarding fraudulent bills and vouchers not set forth in such bill of particulars. The supreme court of Illinois held this to be error, for the reason that, the state having given the bill of particulars, the prosecution could not go outside of it. The appellant's claim here is that, inasmuch as the account is set forth in the indictment in full, and the only specific item alleged to be fraudulent is the Dorami item, the pleader has in effect given the defendant a bill of particulars in which the Dorami item is the only one complained of, and hence the prosecution may not go outside of that.

The indictment in the case before us does not charge the defendant with presenting a false account, but with presenting a certain false and fraudulent claim in an account, which account is set forth in full in the indictment. If the pleader

had merely referred to the account by proper designation, without setting the same forth in full, there can be no doubt, and, indeed, it is conceded by the appellant, that proof of other fraudulent items in such account might have properly been introduced as bearing upon the intent or good faith of the defendant. *Qualey* v. *Territory,* 8 Ariz. 45, 68 Pac. 546; *Wood* v. *United States,* 41 U. S. 342, 10 L. Ed. 987; 1 Wigmore on Evidence, par. 300 et seq. We perceive no reason why a different rule should obtain, merely because the pleader has set the account forth in full in the indictment; nor do we think the case is similar to the Illinois case cited, where the prosecution by order was required to set forth all the items on which it relied to secure a conviction. We think the testimony as to the fraudulent character of the items of the account was properly admissible as bearing upon the intent and good faith of the defendant, and that the trial court committed no error in receiving the same.

It appears, from a stipulation in the case, that, upon the impaneling of the grand jury that found the indictment, a sufficient number of jurors not appearing, the court, in directing the sheriff to summon additional jurors, neglected to include in the order the requirement of paragraph 2808 of the Revised Statutes of 1901, as amended by Laws 1905, page 28, chapter 24, that such persons summoned as jurors should not be persons who had served as jurors upon the regular list within the previous twelve months. The defendant, not having been held to answer before the finding of the indictment, upon arraignment moved to set aside the indictment for failure of the court to include in its order for a special venire the provision referred to, and the denial of this motion is assigned as error. The objection is not one that can be raised under our code, either as a ground for challenge or by motion upon arraignment. Pen. Code, secs. 791, 792, 862. Furthermore, it appears from the stipulation that the jurors summoned by the special venire had not, as a matter of fact, served as jurors on the regular list within the preceding twelve months. We think the appellant was in no wise prejudiced by the action of the court, and that the failure of the court to comply with the requirements of paragraph 2808 of the Revised Statutes of 1901 was an irregularity merely in the formation of the grand jury, and is not ground for the setting aside of the indictment. *People* v. *Goldenson,* 76 Cal. 328, 19 Pac. 161.

After verdict, a motion was made to set aside the indictment on the ground that the name of a witness who had been examined before the grand jury upon the finding of the indictment was not indorsed thereon, and the denial of this motion is assigned as error. The failure to insert at the foot, or indorse upon the indictment, the names of the witnesses examined before the grand jury is ground for setting aside the indictment on motion upon arraignment. Pen. Code, sec. 862, subd. 2. But by section 863 it is provided that, if such motion is not made, the defendant is precluded from afterward taking the objection. Counsel for the appellant ingeniously contends, however, that section 863 does not apply to either subdivision 1 or subdivision 2 of section 862, since the language of section 863 is: "If the motion to set aside the indictment is not made, the defendant is precluded from afterward taking the objections mentioned in the last two sections." And as there is only one preceding section, to wit, section 862, which has any reference to the matter, the words, "the last two sections," in section 863, must refer to subdivisions 3 and 4 of section 862, only, and not to the whole section, and hence the defendant is not precluded from taking the objection by motion after verdict. It appears that the code of 1887 contained, in section 1513, the provisions re-enacted in the code of 1901 as section 862, and further, in section 1515, the language re-enacted in section 863; but the code of 1887 also contained another section, to wit, section 1514, which was not re-enacted in the code of 1901, and the words, "the last two sections," in section 1515, related to sections 1513 and 1514. In the revision of 1901, when section 1514 was dropped out, the legislature, evidently through oversight, neglected to make the necessary change in section 863 to conform to this omission. The history of this legislation shows clearly, therefore, that the words, "the last two sections," cannot be held to apply to the last two subdivisions, merely, of section 862, but to the whole section, and the motion made after verdict was made too late, and was properly denied.

It is further urged by the appellant that the verdict is not supported by the evidence, for the reason that the same does not show beyond a reasonable doubt a criminal intent on the part of the defendant to defraud the county. We think there was sufficient evidence on this point to go to the jury, and, as the matter was submitted to them under proper instructions

from the court upon this question, we are not at liberty to disturb their verdict.

The court charged the jury, in part, as follows: "Testimony has been offered with reference to other acts of similar character to the one in the indictment. The evidence as to these other and collateral acts is admitted in this case for the purpose of showing the frame of mind of the defendant at the time he committed the act charged in the indictment." The appellant urges that there was no testimony as to other collateral acts, since the testimony referred to was testimony as to the Garner and Headt items, which were set up in the indictment itself, and that this instruction was not in accordance with the facts, but in direct opposition to them. An examination of the whole charge of the court clearly shows that, although the language used was perhaps not strictly accurate, the jury could not have been misled thereby, nor the appellant prejudiced.

We find no error in the record, and the judgment of the district court is affirmed.

DOAN, CAMPBELL, and NAVE, JJ., concur.