[Criminal No. 302.    Filed July 15, 1912.]

[126 Pac. 267.]

## JOSEPH HOYT, Appellant, v. TERRITORY OF ARIZONA, Respondent.

CRIMINAL LAW — REVIEW — OBJECTIONS TO GRAND JURY—MOTION IN ARREST.—Under Penal Code of 1901, section 797, which provides that an accused person can object to a grand jury panel or to an individual grand juror in no other mode than by challenge, it is too late, after plea of not guilty and trial upon the merits, to question the legality of the organization of the grand jury by motion in arrest of judgment.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Edward M. Doe, Judge.    Affirmed.

The facts are stated in the opinion.

No appearance for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

DUFFY, J.—The appellant was tried at the November, 1910, term of the district court of Yavapai county, upon an indictment charging him with the crime of arson.   He was convicted and sentenced to a term of three years in the territorial prison.   He appeals to this court from the judgment of conviction and from an order denying his motion for a new trial and in arrest of judgment.   The appellant has made no appearance in this court, either in person or by counsel, and the matter comes here solely upon the record.

The record discloses a motion in arrest of judgment, alleging errors and irregularities in the impaneling of the grand jury which returned the indictment in this case, but fails to disclose any challenge to the panel of the grand jury or to any individual grand juror.

The appellant, having been held to answer to the charge in the court below, and not having interposed a challenge either to the panel of the grand jury or to any individual grand juror, but having entered his plea of "not guilty," and

having gone to trial under said plea, is precluded from attacking the legality of the organization of the grand jury by a motion in arrest of judgment. After a plea of not guilty has been entered and a trial upon the merits had, it is then too late to question the legality of the grand or trial jury by a motion in arrest of judgment.

Section 797 of the Penal Code, Revised Statutes of Arizona, 1901, provides as follows: "A person held to answer to a charge for a public offense can take objection to the panel or to an individual grand juror in no other mode than by challenge."

When by statute a particular way is prescribed to raise an objection, and the party neglects to pursue the statutory way, and the objection is one which could have been cured at the time, if attention had been called to it, he must be adjudged to have waived such objection. He must assert his privilege in the proper way and at the proper time, or he is deemed to have waived it. *Montgomery* v. *State,* 3 Kan. 263; *In re Wilson,* 140 U. S. 575, 35 L. Ed. 513, 11 Sup. Ct. Rep. 870; *Thomas* v. *Territory,* 11 Ariz. 184, 89 Pac. 591.

Appellant has filed no assignments of error calling our attention to such errors as he may have considered worthy of our attention; but we have carefully examined the record, as we deem it our duty to do in all criminal cases, and we find no substantial error on the face of the record.

The indictment appears to be in all respects sufficient, the verdict of the jury was responsive to the issues joined thereon, and the judgment and sentence of the court in every respect warranted by the record.

Therefore the judgment of the lower court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

N. B.—Judge ROSS being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the constitution, called in Hon. FRANK J. DUFFY, Judge of the superior court of the state of Arizona in and for the county of Santa Cruz, to sit with them in the hearing of this cause.

NOTE.—As to waiver of irregularity in the formation of a grand jury, see note in 4 Ann. Cas. 226.