435 P.2d 485

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUN-
TY, the Hon. Richard Roylston, and John
LeRoy Jones and Marshall L. Mount, Real
Parties in Interest, Respondents.

No. 9113.

Supreme Court of Arizona.

In Banc.

Dec. 15, 1967.

Rehearing Denied Jan. 9, 1968.

William J. Schafer, III, Pima County
Atty., Jacqueline Schneider, Deputy County
Atty., for petitioner.

Anthony B. Ching, Tucson, for respond-
ent Marshall L. Mount.

William L. Berlat, Tucson, for respond-
ent John LeRoy Jones.

McFARLAND, Vice Chief Justice:

This case comes before us on a writ of
certiorari. The Grand Jury in Pima
County, Arizona, in an indictment charged
that defendants on or about the 17th day
of February 1966 committed the crime
of burglary. They were arraigned on the
1st day of March 1966, at which time, after
defendants were questioned by the court as
to their ability to employ counsel, Anthony
Ching—being present in the courtroom—
was appointed to represent defendants.
Later, another counsel, William L. Berlat,
was appointed as attorney for Jones. Both
waived the reading of the indictment, both
entered pleas of not guilty, and it was
ordered that defendants be given ten days
in which to file motions directed toward
the indictment.

The case was set for trial on April 20,
1966, on which date the trial was held.
No motions were made either before or
during trial in regard to the indictment.
Defendants were both convicted of bur-
glary of the first degree, as charged in the
indictment. A motion for a new trial was
made by each defendant on April 27, 1966,

on grounds other than the sufficiency of the indictment. The motions were denied, and imposition of sentence was suspended on each defendant for a period of two years. Both defendants appealed. On June 20, 1967, the Court of Appeals, Div. Two, reversed the conviction, and ordered a new trial. State v. Jones, 6 Ariz.App. 26, 429 P.2d 518.

Thereafter each defendant moved to quash the indictment. The motion of John LeRoy Jones incorporated by reference the motion and authorities of defendant Marshall L. Mount, which motion was as follows:

"COMES NOW defendant Marshall L. Mount, by and through Anthony B. Ching, his court appointed attorney for his appeal, and pursuant to Rules 166, 177 and 316 of the Ariz. Rules of Crim. Procedure, 17 A.R.S., respectfully moves this Court for an order dismissing or quashing the indictment against him herein for the reason that the grand jury which found and returned the indictment against [him] was found by the Supreme Court of the State of Arizona to be improperly impanelled and thus unlawfully constituted."

The motions to quash will hereinafter be referred to as one motion.

The Superior Court granted the motion, and gave the attorneys five days to file a new complaint. This motion was based upon the decision of this court in State v. Superior Court of Pima County, 102 Ariz. 388, 430 P.2d 408. In that case it was shown that there was ground for challenge of the panel for the reason that the jurors had not been fully examined as to their qualifications as provided for in Rule 82, Rules of Crim.Proc., 17 A.R.S. We held that the motion to quash the indictment on these grounds was properly granted. The question in the instant case is whether a motion to quash an indictment which was not made before arraignment should have been sustained by the trial court. Counsel for defendants point to the following language of this court, in State v. Superior

Court of Pima County, supra, in which we stated:

"A jury which cannot return a valid indictment is a judicial nullity and further proceedings on its part could result in nothing more than an expenditure of time and funds. Such is the posture of the jury in the instant case. Every indictment returned by this jury would be subject to the same attack. The attack having been found valid by one division of the court, there is reason to believe it will continue to succeed whenever raised." 102 Ariz. at 392, 430 P.2d at 412.

This was followed by the further language:

"A challenge to the panel having been sustained, the jury, if permitted to continue its function, would be operating under a serious, if not fatal, impediment. Rule 88 prevents such consequences and in order to fully effectuate its purpose, it must be construed to provide for mandatory discharge of the jury, whether the challenge is sustained before or after the jury is sworn." 102 Ariz. at 392, 430 P.2d at 412.

Defendants in the instant case contend that while their motion was brought under Rule 166, Rules of Crim.Proc., 17 A.R.S., it was also brought under Rules 169, 177, and 316, Rules of Crim.Proc., 17 A.R.S., and that for this reason they did not waive their right to challenge the jury by not having made a motion to quash the indictment before the plea.

The motion to quash the indictment in the instant case is governed by statutory grounds for challenge to grand jurors and rules of this court. A.R.S. §§ 21–101 and 21–201 set forth the qualifications of grand jurors. Rule 84, Rules of Crim.Proc., 17 A.R.S., sets forth the ground for challenge to a panel, as follows:

"A challenge to the panel may be made only on the ground that the grand jurors were not selected or drawn according to law." Ariz. Rules of Crim.Proc., 17 A.R.S.

However, Rule 86 provides the time for challenge:

"No challenge may be made after the jurors are sworn, except as provided by Rule 169." Ariz. Rules of Crim.Proc., 17 A.R.S.

Rule 169 limits the grounds under which a motion to quash an indictment or information is available. The facts of State v. Superior Court of Pima County, supra, are different from those in the instant case in that in the former the motion to quash the indictment was made before a plea, and in the instant case the motion was made after the plea, after conviction, after reversal of the conviction, and before the second trial.

Rule 166 provides:

"Upon being arraigned the defendant shall immediately, unless the court grants him further time, either move to quash the indictment or information or plead thereto, or do both. If he moves to quash, without also pleading, and the motion is withdrawn or overruled he shall immediately plead." Ariz. Rules Crim.Proc., 17 A.R.S.

Rule 168, subsec. B provides:

"All defenses except those otherwise provided by these Rules shall be taken by a motion to quash the indictment or information or a count thereof." Ariz. Rules Crim.Proc., 17 A.R.S.

Under Rule 177 [1], defendant waives all objections or defenses which are grounds for a motion to quash except those which are also grounds for a motion in arrest of judgment, and except those which are also pleas authorized by these rules. The grounds for a motion in an arrest of judgment are set forth under Rule 316, supra [2]. The only possible ground which defendant could claim would be that under paragraph 2 " * * * the court is without jurisdiction of the action."

The question then presented is whether, under the facts of State v. Superior Court of Pima County, supra, and in the instant case the failure of the court to comply fully with Rule 82, Rules of Crim.Proced., 17 A.R.S., the determination of the qualifications of the grand jurors was of such a serious nature as to render all of their actions void. If they were merely voidable upon motion they could only be attacked by a motion to quash made before a plea. As we said in the former case:

"Under these circumstances we cannot say whether an indictment was returned in the instant case by a fair and im-

---

1. Rule 177. Failure to move to quash as waiver of certain objections or defenses; exceptions
If the defendant does not move to quash the indictment or information before or at the time he pleads thereto, he shall be taken to have waived all objections or defenses which are grounds for a motion to quash, except those which are also grounds for a motion in arrest of judgment, and except those which are also pleas authorized by these Rules. If the defendant learns after he has pleaded or has moved to quash on some other ground that the offense with which he is then charged is an offense for which he has been pardoned, or of which he has been convicted or acquitted or in jeopardy, or for which he has been granted immunity, the court may in its discretion entertain at any time before verdict a motion to quash on the ground of such pardon, conviction, acquittal, jeopardy or immunity.

2. Rule 316. Grounds for arrest of judgment
A. Judgment shall be arrested only on one or more of the following grounds:
1. That the indictment or information does not charge an offense.
2. That the court is without jurisdiction of the action.
3. That the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense of which he could be convicted under the indictment or information.
4. That the defendant was convicted of an offense of which he could not be convicted under the indictment or information.
B. The court may of its own motion arrest the judgment for any of the causes mentioned in this Rule.

partial grand jury. \* \* \*" 102 Ariz. at 393, 430 P.2d at 413.

The qualifications of the jurors were not shown for the reason that the proper questions were not asked them under Rule 82, supra. This is a case of first impression. Abbott v. Superior Court of Pima County, 86 Ariz. 309, 345 P.2d 776, is not in point for the reason that in that case a motion to quash was made before a plea and the question presented was different in that there was not a quorum present during the consideration of the evidence.

However, the question of whether a defect of an indictment having been returned by less than the requisite number of grand jurors was one that could be waived was considered by the U. S. Supreme Court in The Matter of Wilson, 140 U.S. 575, 11 S.Ct. 870, 35 L.Ed. 513, wherein the court, in passing upon the question of jurisdiction of the court over a case in which it was contended that the court did not have jurisdiction of the case because the number of grand jurors did not comply with an act of the legislature of the Territory of Arizona, said:

"\* \* \* His proposition is that the grand jury which indicted him was not a legally-constituted tribunal, in that it was composed of only 15 members, whereas, by an Act of the Legislature of the Territory of Arizona, passed on March 12, 1889, a day before that upon which the offense is charged to have been committed, it was required that grand juries should be composed of not less than 17 nor more than 23 members. The response thereto is, that no such Act was passed, and that, even if it were, the defect in the number of grand jurors did not vitiate the entire proceedings, so that they could be challenged collaterally on habeas corpus, but was only a matter of error, to be corrected by proceedings in error. \* \* \*

\* \* \* \* \* \*

"\* \* \* When that indictment is presented, that accusation made, that pleading filed, the accused has two courses of procedure open to him. He may question the propriety of the accusation, the manner in which it has been presented, the source from which it proceeds, and have these matters promptly and properly determined, or, waiving them, he may put in issue the truth of the accusation and demand the judgment of his peers on the merits of the charge. If he omits the former and chooses the latter, he ought not, when defeated on the latter, when found guilty of the crime charged, to be permitted to go back to the former and inquire as to the manner and means by which the charge was presented. See, upon this question, Whart.Crim.Pl. § 353; 1 Chit.Crim. Law, p. 309; People v. Robinson, 2 Parker Crim.R. 235–308, and following; \* \* \*" 140 U.S. at 579 and 585, 11 S.Ct. at 872 and 874, 35 L.Ed. at 515 and 517.

This court has held that a plea by a defendant to an information is a waiver of his right to a preliminary examination, as provided under Rule 79, Rules of Crim. Proced., 17 A.R.S. In State v. Brazeal, 99 Ariz. 248, 408 P.2d 215, we said:

"This rule was found consistent with the constitutional guarantee to a preliminary examination in State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964). We stated in the Graninger case that the constitutional provision referring to preliminary hearing is for the benefit of the defendant and he may waive it. The waiver may be expressed by the defendant or implied, and Rule 79 is one instance of waiver by implication. .

"The motion and affidavit, in the instant case, was made after defendant's plea on the merits and beyond the ten days for further pleas and motions as permitted by the trial court. Therefore, the information was rendered immune from any attack on the grounds of failure to hold a preliminary examination and defendant conclusively waived his right to have the hearing." 99 Ariz. at 251, 408 P.2d at 217.

Wharton on Criminal Law and Procedure, Vol. 4, § 1707, page 459, states the rule as follows:

"Objections to defects in the organization of a grand jury or on account of the disqualification of grand jurors are usually presented by challenge to the array or to the poll. In some circumstances, however, depending upon the opportunity of the accused to present challenges or upon the law in the particular jurisdiction, objections to these matters may be urged by motion to quash the indictment, or by plea in abatement to the indictment. It has been held that defects in the grand jury's organization sufficient to sustain a plea in abatement may be taken advantage of by motion in arrest of judgment after conviction; but the better view is that such motion comes too late."

In the case of Commonwealth ex rel. Banks v. Myers, 423 Pa. 124, 222 A.2d 880, the defendant contended that the indictment was invalid for the reason that he was available at the time the grand jury was considering the case, but was not notified as provided by statute. He did not raise the question before trial or on appeal, but for the first time by habeas corpus. The court, in disposing of this question, held:

"* * * The orderly administration of criminal justice requires that the resources expended in trials not be wasted by the post trial assertion of claims which normally come to the attention of the defense before trial commences. By statute in Pennsylvania formal defects apparent on the face of an indictment must be asserted before the jury is sworn and while this statute does not control appellant's claim, we think the policy considerations inherent in it are applicable. Indictments containing defects not formal or not apparent on the face of the document have been traditionally attacked by motion made before trial, e. g., Commonwealth v. Bradney, 126 Pa. 199, 204, 17 A. 600, 601 (1889);

Commonwealth v. Vancel, 99 Pa.Super. 40 (1930); Commonwealth v. Ross, 58 Pa.Super. 412, 417 (1914); Commonwealth v. Carlucci, 48 Pa.Super. 72 (1911); Commonwealth v. Bolger, 42 Pa.Super. 115, 119–120 (1910), aff'd per curiam on the opinion of the court below, 229 Pa. 597, 79 A. 113 (1911), and we see no reason, absent extraordinary circumstances, why trial counsel should not be held to such a practice." 222 A.2d at 882.

See also State v. Saba, 191 La. 1009, 187 So. 7.

In the case of Pfeiffer v. State, 35 Ariz. 321, 278 P. 63, in holding statutory grounds for vacating or setting aside an indictment to be exclusive, we said:

"* * * [T]he statutory grounds for vacating or setting aside an indictment or information are exclusive. In People v. Collins, 60 Cal.App. 263, 212 P. 701, it is said that, where the statute expressly sets forth the grounds upon which an indictment may be set aside it cannot be set aside for any reason other than those mentioned. In effect we think that is the holding of this court in Richardson v. State, 23 Ariz. 98, 201 P. 845; Thomas v. Territory, 11 Ariz. 184, 89 P. 591." 35 Ariz. at 324, 278 P. at 64.

In Hopkins v. Commonwealth, 279 Ky. 370, 130 S.W.2d 764, it was contended, among other things, that the indictment was invalid because it was filed at a term of the Circuit Court at which only civil matters were to be considered, and at which grand jurors were not impaneled. However, the court, after disposing of other questions, stated:

"Another reason why appellant may not take advantage of these alleged errors is that the questions were not raised before the trial court. The defendant demurred to the indictment, but the demurrer was not sufficient to raise the objection that the grand jury was not properly formed. A demurrer raises only the objections specified in section 165 of

the Criminal Code of Practice. If appellant had any objection to the formation of the grand jury, he should have made a motion to set aside the indictment as provided by section 158 of the Criminal Code of Practice. His failure to do so was a waiver of any objections to the summoning or formation of the grand jury. If appellant had any objections to being tried at the special term of court or by the special judge who conducted that court, he should have made seasonable objection, in order that the trial court might have an opportunity to pass on that objection before going into a trial of the case. This the defendant did not do, but the record shows that when the case was called for trial he announced ready and made no objections of any kind to any irregularity in calling the court or in the formation of the grand jury." 130 S.W. at 766.

In Burchett v. United States, 4 Cir., 194 F. 821, the court said:

"It is now well established that no objection relating to irregularities in summoning, impaneling, and organizing a grand jury can be raised for the first time in an appellate court. Such objections must be called to the attention of the trial court by a plea in abatement or a motion to quash before a plea of not guilty is filed. Such matters will not be considered after verdict on a motion for a new trial, or in arrest of judgment, for the accused admits the validity of the indictment when he pleads to the merits. If there is no legal accusation against him, he should show that to the court in the manner we have indicated, otherwise he has waived such defects, if in fact they existed." 194 F. at 825.

In State v. Black, 86 N.J.L. 520, 93 A. 91, the court held:

"It is also urged as a ground for reversal 'that the alleged offense was committed after the grand jury that returned the indictment was selected and sworn, without opportunity to the defendants to interpose challenges to the grand jury.'

102 Ariz.—38

This objection could only have been taken advantage of by a demurrer or motion to quash the indictment before the jury was sworn. [Cases cited.] The record discloses that no such proceeding was taken, and therefore the question attempted to be raised thereunder is not properly before us." 93 A. at 92.

It will be noted that in the case of State v. Superior Court of Pima County, supra, this court did not hold that actions of a grand jury whose members were not properly challenged under Rule 169 would be fatal if not challenged. We stated that:

"If permitted to continue its function, [it] would be operating under a serious, if not fatal, impediment. * * *" 430 P.2d at 412.

This, as we said, was for the reason that every indictment returned by this jury would be subject to the same attack, and there was reason to believe that an indictment having been found invalid by one division a motion to quash would be sustained by others. It was under these conditions we felt the grand jury's actions would become a nullity. This is far from holding that a defendant would not have to proceed under the rules as set forth by this court for quashing an indictment, and that he could not waive a defect or irregularity in procedure.

In the case of Hoyt v. Territory, 14 Ariz. 161, 126 P. 267, an arrest of judgment was made, alleging errors and irregularities in the empaneling of the grand jury which returned the indictment; however, it failed to disclose any challenge to the panel of the grand jury or to any individual juror. This court held:

"The appellant, having been held to answer to the charge in the court below, and not having interposed a challenge either to the panel of the grand jury or to any individual grand juror, but having entered his plea of 'not guilty,' and having gone to trial under said plea, is precluded from attacking the legality of the organization of the grand jury by a motion in

arrest of judgment. After a plea of not guilty has been entered and a trial upon the merits had, it is then too late to question the legality of the grand or trial jury by a motion in arrest of judgment.

"Section 797 of the Penal Code, Revised Statutes of Arizona 1901, provides as follows: 'A person held to answer to a charge for a public offense can take objection to the panel or to an individual grand juror in no other mode than by challenge.'

"When by statute a particular way is prescribed to raise an objection, and the party neglects to pursue the statutory way, and the objection is one which could have been cured at the time, if attention had been called to it, he must be adjudged to have waived such objection. He must assert his privilege in the proper way and at the proper time, or he is deemed to have waived it. Montgomery v. State, 3 Kan. 263; In re Wilson, 140 U.S. 575, 11 S.Ct. 870, 35 L.Ed. 513; Thomas v. Territory, 11 Ariz. 184, 89 P. 591." 14 Ariz. at 161, 126 P. at 267.

It might well be that a defendant would not want to raise this question—for example, the jury might return an indictment of second-degree murder when it could have returned an indictment of first-degree murder. He might prefer to go to trial on the indictment of second-degree murder. A defendant should not be permitted to take his chance on one trial, be content with the verdict of "not guilty," but if the jury returned a verdict of guilty then for the first time raise the question. It is for this reason that rules of procedure have been meticulously set forth by which an objection may be made either to an information or an indictment.

An interpretation that the court was without jurisdiction would mean that in such cases a defendant could take his chance, and, if convicted, wait five or six years until the evidence had disappeared, and then bring a suit to be discharged on the ground that the court did not have jurisdiction. And if the case were remanded for a new trial he might be able to go "scot free" because the evidence then would not be available.

In the instant case a new trial had been ordered by the appellate court. In such a case it is within the discretion of the court as to whether a defendant be permitted to withdraw his plea for the purpose of making a motion to quash. State v. Moreno, 102 Ariz. 399, 430 P.2d 419. However, no such motion was made. If the indictment or information was to be set aside the procedure followed by the Superior Court in allowing the county attorney to file a new cause was proper. Rule 175, Rules Crim.Proced., 17 A.R.S. Defendants havings failed to make motions to withdraw their pleas, the case must be remanded with instructions.

We accordingly hold that, under facts such as in the instant case, a motion to quash must be made before a plea, and cannot thereafter be made except if the court in its discretion permits the withdrawal of the plea for that purpose.

The order of the Superior Court quashing the indictment is vacated, and the case remanded for procedures consistent with this decision.

BERNSTEIN, C. J., and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.