430 P.2d 408

The STATE of Arizona and Pima County, State of Arizona, Petitioners,

v.

The SUPERIOR COURT IN AND FOR the COUNTY OF PIMA, State of Arizona, and the Honorable John P. Collins, Judge of the Superior Court, Division One, In and For the County of Pima, Respondents.

No. 8922–PR.

Supreme Court of Arizona.

In Banc.

July 19, 1967.

Rehearing Denied Sept. 19, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III, County Atty. of Pima County, Edward W. Scruggs, Sp. Asst. Atty. Gen., Tucson, for petitioners.

Johnson, Darrow, D'Antonio, Hayes & Morales, by Lawrence P. D'Antonio, Tucson, for respondents.

McFARLAND, Vice Chief Justice:

The Attorney General of Arizona, acting in behalf of the State of Arizona and the County of Pima, hereinafter referred to as petitioners, was granted certiorari by the Arizona Court of Appeals in State v. Superior Court in and for Pima County, 4 Ariz.App. 373, 420 P.2d 945, rehearing denied 4 Ariz.App. 562, 422 P.2d 393. The Pima county Superior Court and the judge of Division One of that court, the Honorable John P. Collins, hereinafter referred to as respondents, have petitioned for and been granted review of that decision.

On December 17, 1965, the Superior Court of Pima County impaneled a grand jury. This grand jury subsequently returned an indictment against one Sol Ahee, charging him with one count of bribery and five counts of perjury.

Sol Ahee's case was assigned to the respondent judge, whereupon Ahee filed a motion to quash the grand jury indictment on the basis, inter alia, that there was ground for a challenge to the panel or to an individual grand juror. Rule 169, subsec. A 2(a), Rules of Criminal Procedure, 17 A.R.S. The challenge to the entire panel was founded on the allegation that at the time of its impanelment the members of the grand jury were not examined by either the court or the prosecuting attorney in regard to their qualifications as jurors.

Respondent also contends that it was the duty of the impaneling court to have excused one of the jurors for the reason that this juror was an employee of the Internal Revenue Service and was bound by federal law to report any violations of the tax laws which might come to his attention. This duty is alleged to be in conflict with the oath of secrecy demanded of grand jurors by this state.

The respondent judge received evidence on the question of the challenge to the panel, consisting primarily of the reporter's transcript of the examination of the jury, and found the allegation to be true in fact; that the members of the grand jury had not been properly examined in regard to their qualifications. The motion to quash was granted as to all counts of the indictment, and it was further ordered that the grand jury "be called to immediate session and discharged forthwith."

A petition for certiorari was granted by the Arizona Court of Appeals, Division 2, and it was held that the order of discharge was beyond the jurisdiction of the respondent judge and that portion of the order was set aside. 4 Ariz.App. 373, 420 P.2d 945. This court has granted the petition for review of the decision of the Court of Appeals, Division 2, in this cause.

The history of the grand jury system and the object and purpose of its use is set forth in Corpus Juris Secundum as follows:

"One of the purposes of the grand jury system is to obtain a group of persons who represent a fair and impartial cross section of the citizens of the county, each with his or her own individual thoughts, experiences, and reactions; and preservation of complete freedom of thought and expression is essential to the maintenance of the institution. * * *" 38 C.J.S. Grand Juries § 6, p. 987.

The selection of a grand jury is very important. By its very nature a grand jury is an inquisitorial, informing and accusing body; however its functions are of a judicial nature—a proceeding before a grand jury is a judicial inquiry. In order to insure the selection of a grand jury which represents a fair and impartial cross-section of the citizens of the county, the Legislature has set forth the qualifications of grand and petit jurors as follows:

"Every juror, grand and petit, shall be a citizen of the United States, a resident of the county for at least six months next prior to being summoned as a juror, sober and intelligent, of sound mind and good moral character, over twenty-one years of age, able to understand the English language, and shall not have been convicted of a felony or be under indictment or other legal accusation of any felony." A.R.S. § 21–201.

The responsibility of seeing that jurors have those qualifications is placed upon the court and the county attorney or other prosecuting officer. Rule 82 of the Arizona Rules of Criminal Procedure, 17 A.R. S., provides:

"When a grand jury is drawn and appears, the court and the county attorney or other prosecuting officer shall examine the jurors touching their qualifications as such jurors."

An individual being investigated does not have an opportunity to take part in the selection of a grand jury or to make objection to the panel or to the selection of any individual juror prior to the returning of an indictment against him. This makes the responsibility of the court, the county attorney or the prosecuting officer greater because the proceeding is ex parte and a grand jury which does not have the proper qualifications could do irreparable harm to an individual by improperly returning an indictment. The setting aside of such an indictment does not altogether undo the wrong that has been done the individual. It was for this reason that the responsibility of the examination of jurors regarding their qualifications was placed upon the court, the county attorney or other prosecuting officer.

■ The first question presented in the instant case is whether a proper determination of the qualifications of the grand jurors was made.

The record shows the only reference made by the court in regard to the qualifications of the jury as set forth in A.R.S. § 21–201 was a general statement that "the law says any person shall not be a juror who has been convicted of a felony or who stands charged with a felony," after which the court told the jury that if any members were in that class they should come up and tell the court and they would be excused. No reference was made or questions asked as to the remainder of the qualifications. The record therefore shows that the procedure set forth in Rule 82 of the Arizona Rules of Criminal Procedure was not substantially followed.

■ The next question is whether a superior court judge may order a grand jury discharged where a defendant in a criminal action pending before him has presented facts showing a determination of the qualifications of the jury was not made; the facts having been presented under Rule 169, subsec. A 2(a), Rules of Criminal Procedure, 17 A.R.S., after an indictment had been returned.

The applicable portions of Rule 169 provide:

"Rule 169. Motion to quash, grounds
"A. A motion to quash the indictment or information shall be available only on one or more of the following grounds. In the case of:
* * * * * *
"2. An indictment:
(a) That there was ground for a challenge to the panel or to an individual grand juror."

As the order in question in the instant case was predicated on a showing of grounds for a challenge to the entire panel, we are led to consideration of Rule 84, Rules

of Criminal Procedure, 17 A.R.S., which provides as follows:

"A challenge to the panel may be made only on the ground that the grand jurors were not selected or drawn according to law."

■ Petitioner contends that the words "not selected or drawn according to law" do not encompass the situation in the case at bar, wherein the impaneling court has failed to examine the jury in conformity with Rule 82.

We cannot agree with this contention. The word "selected" when used in connection with the selection of juries has been given a broad meaning. In State v. Mason, 326 Mo. 973, 33 S.W.2d 895, it was said:

"* * * In an ordinary trial a jury is 'selected' by bringing before the court the requisite number of veniremen, swearing them to answer questions touching their qualifications to sit as jurors and try the issues, *examining them as to such qualifications,* and challenging for cause those veniremen deemed by the parties to be disqualified. * * *" (Emphasis added.) 33 S.W.2d at 897.

See also Dixon v. State, 27 Ala.App. 64, 167 So. 340, Ohio River R. Co. v. Blake, 38 W.Va. 718, 18 S.E. 957. That the Court's duty to assure that the jury is properly qualified is an integral part of the process of selecting and drawing a grand jury is revealed in the following statement of the law as summarized in 24 Am.Jur., Grand Jury, § 19, p. 845:

"Statutory provisions regulating the manner of selecting or drawing a grand jury are either mandatory or directory, depending more on their purpose than their language. Those which relate to the number and qualifications of jurors, or which are designed to secure impartiality or freedom from unfair influences, are ordinarily deemed to be mandatory; those which prescribe mere details as to the manner of selection or drawing are usually regarded as directory. * * *"

The court should first swear the jurors in regard to the questioning provided for in Rule 82. After such questioning they must be generally sworn to carry out their duties as grand jurors as provided in Rule 91, Ariz. Rules of Criminal Procedure, 17 A.R.S. The grand jury panel has not been truly "selected" until it is properly sworn and ready to hear the evidence to be presented to it.

■ The object of Rule 82 requiring that jurors be examined, "touching their qualifications" is for the protection of the defendant's statutory right to have only qualified jurors return an indictment against him. In Viers v. State, 10 Okl. Cr. 28, 134 P. 80, the court stated some of the reasons underlying such procedural safeguards as follows:

"* * * The importance of securing fair-minded, impartial, intelligent men for grand jurors, who without bias or prejudice will weigh the evidence, and be governed by it alone, cannot be overestimated. * * * The petit jury panel cannot very well be packed against a defendant on trial, the defendant by his counsel may examine a petit jury panel minutely as to qualifications, bias, or prejudice, and may challenge for cause, and in addition is entitled to his peremptory challenges allowed by law, but in the case of a grand jury panel, the parties to be investigated by the grand jury rarely ever know in advance, of their investigation, and have no opportunity to examine the grand jury panel as to bias or prejudice, or to challenge for cause or peremptorily * * *." 134 P. at 84, 85.

Respondent judge in his memorandum opinion and order set forth similar reasons as applied to the facts of the instant case. as follows:

"Rules 83 and 84 offer even less opportunity to a defendant to 'make a showing,' other than 'grounds' as appear in the voir dire at the formation of the Grand Jury. What, then is envisioned by the word 'grounds' as used in Rule

169 2(a), as related to the challenging of an individual juror, or the panel itself, at the time the Motion to Quash Indictment is filed? Can a defendant at this time ever show actual prejudice by the failure of the court and prosecuting attorney to properly voir dire the panel? Scarcely, unless he is *now* entitled to voir dire them. In the case of this defendant 'now' is some ten months later; and, I might suggest, a trifle late for the voir dire of the jury panel."

In Crowley v. United States, 194 U.S. 461, 474, 24 S.Ct. 731, 48 L.Ed. 1075, the court said:

"* * * [T]he disqualification of a grand juror is prescribed by statute, and cannot be regarded as a mere defect or imperfection in form; it is a matter of substance, which cannot be disregarded without prejudice to an accused."

For the foregoing reasons, we hold that compliance with Rule 82 is mandatory, and that a failure in this regard is ground for a challenge to the panel made under Rule 169.

We then turn to the question of respondent's written order discharging the grand jury. Rule 88, Rules of Criminal Procedure, 17 A.R.S., provides:

"If a challenge to the panel is sustained, the grand jury shall be discharged."

Rule 86, Rules of Criminal Procedure, 17 A.R.S., provides:

"No challenge may be made after the jurors are sworn, except as provided by Rule 169."

Under this rule, challenges would normally be made before the judge who is presiding over the impanelment of the jury or before a judge presiding over a criminal case which emanates from the grand jury proceedings. In this manner the number of superior court judges who might intervene in the grand jury proceedings is limited.

A jury which cannot return a valid indictment is a judicial nullity and further proceedings on its part could result in nothing more than an expenditure of time and funds. Such is the posture of the jury in the instant case. Every indictment returned by this jury would be subject to the same attack. The attack having been found valid by one division of the court, there is reason to believe it will continue to succeed whenever raised.

A challenge to the panel having been sustained, the jury, if permitted to continue its function, would be operating under a serious, if not fatal, impediment. Rule 88 prevents such consequences and in order to fully effectuate its purpose, it must be construed to provide for mandatory discharge of the jury, whether the challenge is sustained before or after the jury is sworn.

The lower courts of this state are bound by law to follow the rules promulgated by the Supreme Court; therefore the respondent judge was bound to comply with the clear mandate of Rule 88 that "the grand jury shall be discharged" as well as the judge who was at that time presiding over its proceedings.

The test to be used in determining the inherent power or jurisdiction of the court has been set forth by this court in State ex rel. Andrews v. Superior Court of Maricopa County, 39 Ariz. 242, 5 P.2d 192, as follows:

"In considering, therefore, whether the court has the inherent power to do any particular thing, we must first ask: 'Has it jurisdiction over a certain matter or question?' If that be answered in the affirmative, then, and not until then, the second question may be asked: 'Is the power invoked necessary for the ordinary and efficient exercise of that jurisdiction?' * * * *"

In the instant case respondent clearly had jurisdiction over the matter or question, for the reason that it was properly brought under Rules 86 and 169 in a criminal action properly filed and assigned to the respondent Judge. The second question must also be answered in the affirmative, for re-

spondent was bound to implement Rule 88, and respondent's order was necessary for the exercise of this duty.

The petitioner cites State v. Webb, 101 Ariz. 307, 419 P.2d 91, as supporting his position. The facts in the Webb case were different from those in the instant case. In the Webb case the defendant claimed the court did not examine the qualifications of the jurors as required under Rule 82, 17 A.R.S., in that the county attorney mentioned the qualifications of a jury as provided in A.R.S. § 21–201 after the jury was sworn. As we have pointed out, the jurors are first sworn to answer questions as to their qualifications and then after they are found qualified, they are sworn generally under Rule 91.

The second matter presented in the Webb case was the discharge of one juror who wanted to serve, but was late in reporting and not present at the time the twenty-one jurors were impaneled. The defendant also contended that the court improperly excused other jurors. We held that when a trial court excuses prospective grand jurors, it will be presumed in the absence of contrary evidence that he acted properly. The jurors in the Webb case were in effect told that they would be excused if they did not meet the qualifications provided under A.R.S. § 21–201 as the judge directed anyone not qualified to see him in his chambers. Under these circumstances we held no prejudice to the defendant was shown. In the instant case the jurors were never told the qualifications of a grand juror as set forth in A.R.S. § 21–201, nor were they examined as to those qualifications. They were only told of the disqualification of being convicted of a felony, or under indictment or other legal accusation of a felony.

Under these circumstances we cannot say whether an indictment was returned in the instant case by a fair and impartial grand jury. In the Webb case the lower court held there was no prejudice shown; in the instant case the lower court held to the contrary.

The trial court's order discharging the jury was also based upon the ground that the grand jury had been impaneled for a period of time extending well beyond its proper term. Since we hold that the order discharging the grand jury was properly rendered on the first ground, it is not necessary for this court to pass upon the second and on the other matters presented in regard to the failure to discharge the individual juror. In re Hayward's Estate, 63 Ariz. 1, 159 P.2d 307; Wall v. Superior Court of Yavapai County, 53 Ariz. 344, 89 P.2d 624; State ex rel. Andrews v. Superior Court of Maricopa County, supra.

The opinion and order of the Court of Appeals are vacated and the order of the Superior Court discharging the grand jury is affirmed.

BERNSTEIN, C. J., STRUCKMEYER, UDALL, and LOCKWOOD, JJ., concur.