431 P.2d 906

**The STATE of Arizona, Appellant,**

**v.**

**Sol AHEE, Appellee.**

**No. 2 CA–CR 81.**

Court of Appeals of Arizona.

Sept. 25, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellant.

Johnson, Darrow, D'Antonio, Hayes & Morales, by Laurence P. D'Antonio & John G. Stompoly, Tucson, for appellee.

KRUCKER, Judge.

The State has taken this appeal from a Pima County Superior Court order quashing an indictment returned by the Pima County Grand Jury against the defendant. Although the indictment charged 5 counts of perjury and 1 count of bribery, review has been sought only of the quashal of the perjury counts.

The subject indictment was returned on September 29, 1966 and thereafter on October 5, 1966 the motion to quash was filed. Several grounds were urged in support thereof and in particular "[t]hat there was ground for a challenge to the [grand jury] panel."[1] The asserted basis

for challenge of the panel was the failure by the court and the county attorney to examine the jurors as to their qualifications, as mandated by Rule 82, Rules of Criminal Procedure, 17 A.R.S. The sole statutory ground for a challenge to the panel is that the grand jurors were not selected or drawn according to law. Rule 84, Rules of Criminal Procedure, 17 A.R.S. The defendant contended that the jurors were not selected according to law when they were not examined as to the qualifications set forth in A.R.S. § 21–201 which provides:

> "Every juror, grand and petit, *shall* be a citizen of the United States, a resident of the county for at least six months next prior to being summoned as a juror, sober and intelligent, of sound mind and good moral character, over twenty-one years of age, able to understand the English language, and shall not have been convicted of a felony or be under indictment or other legal accusation of any felony." (Emphasis supplied.)

The sole inquiry as to the jurors' qualifications pertained to conviction of a felony. The trial court on October 11, 1966 granted the motion to quash and in addition, having sustained the challenge to the panel, ordered the grand jury discharged in accordance with Rule 88, Rules of Criminal Procedure, 17 A.R.S.

The Supreme Court of Arizona has recently upheld the trial court's action in ordering the discharge of the grand jury. See State v. Superior Court in and for County of Pima, 102 Ariz. 388, 430 P.2d 408 (filed July 19, 1967). The court therein pointed out that the words "not selected or drawn according to law" (Rule 84) encompassed failure to examine jurors "touching upon their qualifications" (Rule 82). It was held that compliance with Rule 82 is mandatory and non-compliance is ground for a challenge to the panel made under Rule 169.

---

1. Rule 169, subsec. A(2) (a) Rules of Criminal Procedure, 17 A.R.S., provides for a motion to quash an indictment on the ground:

"That there was ground for a challenge to the panel or to an individual grand juror."

Therefore, we hold that the motion to quash the perjury counts was properly granted and the portion of the order relating thereto is hereby affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.