448 P.2d 74

The STATE of Arizona, Appellee,

v.

J. Carlos McCORMICK, Appellant.

No. 9382–PR.

Supreme Court of Arizona.

In Banc.

Dec. 11, 1968.

Darrell F. Smith, Atty. Gen., William J. Schafer III, Pima County Atty., Lars Pedersen, Chief Deputy County Atty., for appellee.

Lawrence P. D'Antonio, Tucson, for appellant.

BERNSTEIN, Justice.

This is an appeal from a conviction for Grand Theft rendered against the Petitioner on January 26, 1967. The facts of the case are as follows:

Petitioner, an attorney, became "Supreme President" of Alianza, a fraternal society, in 1962. Alianza is a mutual benefit society which provides a type of life insurance for its Spanish speaking membership. Petitioner was charged with embezzling funds from the Society during 1962 and 1963, whereupon he resigned.

On May 19, 1966, an indictment was filed in the Superior Court of Pima County charging Petitioner with 14 counts of Grand Theft.

On July 29, 1966, counsel representing the Petitioner filed a motion to quash the indictment alleging in part:

"1. The Court trying the action had no jurisdiction of the offense charged or the person of the defendant.

\*   \*   \*   \*   \*   \*

"3. That there was grounds for a challenge to the panel or to an individual Grand Juror in that there was a failure on the part of the County Attorney or other prosecuting officer to examine the Jurors touching upon their qualifications as such Jurors when said Grand Jury was drawn and examined and empaneled.

\* \* \* \* \* \*

"7. That the Indictment was not found endorsed and presented as prescribed in these rules."

In addition, counsel moved for an Order permitting the inspection of the Grand Jury Minutes or Transcript.

The trial court, by a Minute Entry dated August 23, 1966, granted Petitioner's motion to Inspect the Grand Jury Transcript. Petitioner's right to inspect the Grand Jury Minutes was limited by the following order:

"Leave is given to inspect those portions of the Minutes *pertaining to the following matters only*:

(1) Number of jurors present during presentation of evidence relating to charges against the defendant.

(2) Number of jurors present during deliberation and voting on the indictments against the defendant.

(3) Number of jurors who voted in favor of the True Bill against the defendant.

(4) Any persons, other than jurors, present at any of the above times.

\* \* \* \* \* \*

IT IS FURTHER ORDERED that counsel for defendant is given until September 20, 1966 in which to file an amended Motion to Quash, if desired, *after inspecting the minutes*." (Emphasis added.)

Defense counsel was not granted the privilege of inspecting those portions of the Grand Jury Transcript relating to the impanelment and examination of the qualifications of the Jurors.

After a protracted trial, the defendant was convicted on eleven counts of Grand Theft, the state having prior to trial dismissed three of the original fourteen counts.

On July 19, 1967, we handed down the case of State v. Superior Court In and For County of Pima, 102 Ariz. 388, 430 P.2d 408 (1967). We held in that case that the Pima County Grand Jury had been improperly impaneled, and that such improper impanelment was grounds for a motion to quash. It was this same Grand Jury which indicted the petitioner. On the basis of the Pima County decision, the state, on October 2, 1967, filed the following confession of error:

"COMES NOW the appellee, in the above entitled appeal, and moves the court to enter its confession of error in this matter for the reason that the facts involved in this case, relating to the Pima County Grand Jury, *are exactly the same* as those found to nullify the action of the Grand Jury by the Arizona Supreme Court in State v. Superior Court [101 Ariz. 388, 430 P.2d 408], No. 8922–PR, decided on July 19, 1967.

In this case an indictment was returned against the appellant, by the Grand Jury declared defective, and filed on May 19, 1966. On July 29, 1966, appellant filed a motion to quash the Indictment (Exhibit No. 15) Record of Appeal, alleging among other objections that there were grounds for a challenge to the panel and that there was a failure on the part of the prosecuting officer to examine the jurors touching upon their qualifications. These facts alone bring the indictment in this matter under the ruling in the *Superior Court* case.

Wherefore, *this matter should be reversed upon confession of error*." (Emphasis added.)

Despite the state's request for reversal, the Court of Appeals refused to order that the indictment be quashed. As a basis for their refusal, the Court of Appeals stated:

"No evidence in support thereof was attached to the motion nor was a hearing held thereon. The trial court, however, granted to the defendant an opportunity to file an amended motion to quash the indictment prior to a specified future date. No amended motion was filed and more than two months after the expiration of the allotted period the trial court, by minute entry, denied the original motion to quash.

The defendant had the burden of establishing the alleged defect in the

jury impanelment (CITATIONS OMIT-TED), and since the motion was based on allegations of facts dehors the record in the criminal cause, it was incumbent upon him to present evidence in support of the allegations of his motion to quash." (CITATIONS OMITTED) 7 Ariz.App. 576, 442 P.2d 134 at 136 (1968).

The trial court, by denying the petitioner's motion to investigate the impanelment of grand jurors, made it impossible for the petitioner to comply with the Appellate Court's requirement that he produce evidence to support his motion to quash. The trial court, at the very least, should have allowed the petitioner to inspect all relevant portions of the Grand Jury Minutes prior to his appointed deadline for filing amended motions to quash. By limiting the petitioner's scope of investigation, the trial court cut off the only real source of evidence available to petitioner.

Criminal defendants should be given the right to investigate the regularity of grand jury proceedings. We said in State v. Superior Court, 102 Ariz. 388, 430 P.2d 408 (1967):

"An individual being investigated does not have an opportunity to take part in the selection of a grand jury or to make objection to the panel or to the selection of any individual juror prior to the returning of an indictment against him. This makes the responsibility of the court, the county attorney or the prosecuting officer greater because the proceeding is ex parte and *a grand jury which does not have the proper qualifications could do irreparable harm to an individual by improperly returning an indictment.*" (Emphasis added.)

The right to investigate the procedures of impanelment insures the accused that the jurors which indicted him have been qualified according to our law. A.R.S. § 21-201.

The Petitioner, by making timely motions to quash the indictment at every stage of the proceedings, did not waive his right to challenge the qualifications of the panel which indicted him. See State v. Superior Court, 102 Ariz. 588, 435 P.2d 485 (1967).

The decision of the Court of Appeals is therefore vacated and the case remanded to the Superior Court with instructions that the indictment be quashed without prejudice to proceed under 17 A.R.S., Rule 175, Rules of Criminal Procedure.

McFARLAND, C. J., and UDALL, STRUCKMEYER and LOCKWOOD, JJ., concur.