519 P.2d 848

STATE of Arizona, Appellee,

v.

Jesse Lee JACKSON, Appellant.

No. 2483.

Supreme Court of Arizona,
En Banc.

March 8, 1974.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by William C. Blakely, Former Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

On September 30, 1971, an indictment was filed in the Superior Court of Maricopa County, charging appellant and a codefendant with the crime of sale of heroin. Arraignment took place on October 5, at which appellant did not waive his right under Rule 236 of the 1956 Rules of Criminal Procedure, 17 A.R.S., which requires that a person indicted or informed against shall be brought to trial within 60 days from the filing of said indictment or information. Since appellant stood mute at his arraignment, the court entered a plea of not guilty on his behalf.

Two weeks later, October 19, 1971, the Public Defender moved to withdraw as counsel due to a conflict of interest between appellant and his codefendant. Said motion was granted on October 29, 1971, and private counsel was appointed for appellant. Simultaneously with this action, the original trial date of November 2, 1971, was vacated and the trial was reset for November 22, 1971.

On November 12 appellant filed a motion to quash the indictment. Hearing on the motion was set for November 17, but was later set for November 22. Accordingly, the second trial date was set back to November 29.

It was subsequently stipulated that the motion to quash would be submitted on the arguments and the evidence of a motion-to-quash hearing in a related case. The next day, November 23, appellant's case was transferred to Judge Froeb of the Superior Court, and the motion to quash was denied.

Since the trial date was drawing near, Judge Froeb, on November 24, called the attorneys for appellant, the codefendant and the state into his chambers to discuss the trial which was set for November 29, 1971.

It was ascertained that the attorneys for appellant and codefendant were involved in a trial that might not be finished by the time the trial in this case was scheduled to begin. At the end of the discussion, counsel for appellant stated:

> "I know my—I assume my trial is going to start on Friday and we are going to go just as planned . . . I don't want to be put in a position by my silence that it be taken that I intended to waive my client's rights to a speedy trial within sixty days. And for that reason I guess I join Mr. Mangum. I will be here *if trial conditions permitting,* and I intend at this time to proceed on Monday morning *if at all possible to trial."* (Emphasis added). RT p. 11.

The trial court found good cause for continuing the case and placed it in the status of "riding upon the active calendar."

On December 1, 1971, appellant filed a motion to dismiss for failure to bring him to trial within the sixty-day limit, which motion was denied. Trial commenced on that same day and at the conclusion of deliberations, the jury returned a verdict of guilty of the crime of sale of heroin. Appellant was sentenced to not less than ten nor more than twelve years in the Arizona State Prison. This appeal followed.

■ Appellant raises two issues. He first contends that it was error for the trial judge to deny his motion to dismiss

for failure to bring defendant to trial within the sixty-day time limit specified in Rule 236 of the 1956 Rules of Criminal Procedure. Although appellant never waived the sixty-day period, he was brought to trial as soon as reasonably possible. The action of the trial judge in continuing the case was well within his discretion as a necessary adjunct to an orderly disposition of the court's business. State v. Churchill, 82 Ariz. 375, 313 P.2d 753 (1957).

As a second issue, the appellant urges that his motion to quash the indictment should have been granted because the examination of the grand jurors as to their qualifications was not done properly. In support of his position, he cites State v. Superior Court, 102 Ariz. 388, 430 P.2d 408 (1967), and refers us to Rule 82 of the 1956 Rules of Criminal Procedure, 17 A. R.S. At first blush, it appears that there is merit to this.

Although we have not been favored with a copy of the transcript of record of the qualifying of the grand jury in the record on appeal, we assume that the state does not take issue with the purported quotes from that transcript. For purposes of this appeal, we shall assume that the following questions were addressed to the panel:

"Are there any members of the panel who are not eighteen under of age or older?" (Impanelment Transcript, p. 28, lines 11–12).

"Are there any members of the panel who have not been a resident of the State of Arizona for at least one year immediately preceding this date?" (Impanelment Transcript, p. 28, lines 13–16).

"Are there any members of the panel who have not been residents of Maricopa County, Arizona for at least thirty days preceding this date?" (Impanelment Transcript, p. 28, lines 18–20).

A.R.S. § 21–201 sets forth the qualifications for jurors:

"Every juror, grand and trial shall be an elector in the county"

The requirements for registration as of that time follows:

"§ 16–101. Qualifications of elector

"A. Every resident of the state is qualified to become an elector and may register to vote at all elections authorized by law if he:

"1. Is a citizen of the United States.

"2. Will be twenty-one years or more of age prior to the regular general election next following his registration.

"3. Will have been a resident of the state one year and of the county and precinct in which he claims the right to vote thirty days next preceding the election.

"4. Is able to read the Constitution of the United States in the English language in a manner showing that he is neither prompted nor reciting from memory, unless prevented from so doing by physical disability.

"5. Is able to write his name, unless prevented from so doing by physical disability."

Obviously, the questions regarding age and residence which were propounded to the panel are not in the same language as the statute, and are in fact more restrictive than the words of the statute.

In State v. Superior Court, *supra*, the defendant had contended that the members of the grand jury were not examined by either the court or the county attorney regarding their qualifications. In such a situation, it is reasonable not to require a showing of prejudice to the defendant to quash the indictment. In the instant case, however, there was attempted compliance with the rule, albeit an imperfect one. It would be a glorification of form over substance to reverse a conviction on the grounds argued for by appellant. Unless appellant can show actual

prejudice, we hold that the attempted compliance with the requirements of the rule was sufficient.

The state has argued that the empaneling judge had a right to rely on the fact that the grand jurors were drawn from a list of electors and that a questioning on electors' qualifications was not necessary. With this, we do not agree, in light of the wording of Rule 82. However, we find that there was substantial compliance with the Rule and hence appellant must show prejudice by reason of any alleged deficiencies in the proceedings. This, appellant has not done.

Appellant also urges that the court failed to inquire as to the literacy requirements set forth in the statute. The provision, A.R.S. § 16–101(A)(4), was stricken down by the United States Supreme Court on December 21, 1970, as being in conflict with the Voting Rights Act of 1965, 42 U.S.C.A. § 1973aa. *See* Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 268, 27 L.Ed.2d 272 (1970). Since these provisions had, by United States Supreme Court action, been removed as part of the qualifications of electors, they were no longer part of the qualifications for grand jurors.

As a final point, appellant contends that A.R.S. § 21–402(A) is unconstitutional because it takes away the Superior Court's discretionary power to call a grand jury. He cites Article 6, Section 17, Arizona Constitution, A.R.S., which states in part: "Grand juries shall be drawn and summoned only by order of the Superior Court."

The statute complained of merely sets the minimum number of times that a grand jury is to be called in counties with a population of 200,000 or more. The Superior Court, under the statute, is still the agency which draws and summons the grand jury. We find no conflict here.

Judgment of conviction and sentence affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.