See also, 547 Fed.Appx. 963.

**Karyl Jean KRUG, Plaintiff-Appellant,**

v.

**MARICOPA COUNTY SUPERIOR COURT, a Subdivision of the State of Arizona; et al., Defendants-Appellees.**

No. 15-15012

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed January 3, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Karyl Jean Krug, Pro Se

Ann Ruth Hobart, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Defendants-Appellees

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Karyl Jean Krug appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging First Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm in part, vacate in part, and remand.

█ The district court properly dismissed Krug's claims against Maricopa County Superior Court because in this case it is an "arm of the state," not subject to § 1983 liability. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that " 'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); *Arizona v. Super. Ct.*, 4 Ariz.App. 373, 420 P.2d 945, 951 (1966) ("There is only one superior court in the State of Arizona." (citing Ariz. Const. art. 6, § 13)), *vacated on other grounds*, 102 Ariz. 388, 430 P.2d 408 (1967).

█ However, the district court abused its discretion in denying Krug's request to amend her claims to add Maricopa County as a defendant because it is not clear amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a court may deny leave to amend where proposed amendments would be futile). *See also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1101 (9th Cir. 2011) ("in evaluating whether a plaintiff should be considered a public employee [entitled to bring a First Amendment retaliation claim], we consider whether the relationship is analogous to that between an employer and employee"); 1 Barbara T. Lindemann, Paul Grossman & C. Geoffrey Weirich, Employment Discrimination Law Ch. 22.I.A.2.c (5th ed. 2012) (exploring "The 'Joint Employer' Theory" of employment law).

█ The district court properly dismissed Krug's retaliatory termination claim against defendant Alessi and her blackballing claim because Krug failed to allege facts sufficient to state a plausible

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

■ However, dismissal of Krug's retaliatory termination claim against defendants Westover, Reyes, and Ash was error because taking the facts in the light most favorable to Krug, her allegations that these defendants collectively terminated her shortly after she engaged in protected activity were sufficient to state a claim. *See Eng v. Cooley*, 552 F.3d 1062, 1070–72 (9th Cir. 2009) (setting forth the elements for a First Amendment retaliation claim); *see also Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.").

■ The district court did not abuse its discretion in denying Krug's request for recusal because Krug failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**